PATRICK *v.* BATTEN.

1. ARBITRATION AND AWARD — ARTICLES OF SUBMISSION — CON-
STRUCTION—EX PARTE AFFIDAVITS.

An agreement for arbitration between a landlord and tenant
was made to cover all questions in dispute, without specifying
any particular matter, but provided that the lease then
existing should be canceled, and that the premises and all
crops growing thereon should be surrendered. The arbitra-
tors awarded the lessor possession, but provided that he
should pay the lessee damages for the surrender of his lease
before the expiration of the term, and for improvements
made by him. *Held,* that the lessor was not entitled to have
the award set aside, on the ground that the arbitrators had
exceeded their powers, upon a showing by *ex parte* affidavits
that the question of damages arising from the surrender of
the lease was not included in the agreement.

2. SAME—VALIDITY OF AWARD—TIME OF FILING.

Failure of arbitrators to file an award within the time fixed
by the articles of submission is not ground for vacating it,
in the absence of any provision in the articles that the award
should be void if not made within the time appointed.

Error to Wayne; Lillibridge, J. Submitted January
31, 1900. Decided March 6, 1900.

Proceedings by Alexander L. Patrick against William
Batten to set aside an award of arbitrators. From a
judgment setting aside the award, Batten brings error.
Reversed.

William Batten was a tenant of Alexander L. Patrick.
Disputes arose between them, which were submitted to
arbitration, under the following agreement:

"Whereas, differences do now and have for a long
time existed between Alexander L. Patrick and William
Batten, both of the county of Wayne, State of Michigan,
in relation to diverse subjects of controversy and dispute:

Now, therefore, the undersigned, Alexander L. Patrick and William Batten, aforesaid, do hereby mutually covenant and agree to and with each other to submit all and all manner of action, cause and causes of action, suits and controversies, and claims of every name and nature, existing or held by and between the said parties, to three arbitrators, who shall be residents of the said county of Wayne, to be chosen as follows: One arbitrator to be chosen by each of said parties, and a third arbitrator to be chosen by the two arbitrators so selected as arbitrators, who, or any two of whom, shall arbitrate, award, order, judge, and determine of and concerning the same; and we do mutually covenant and agree to and with each other that the said award to be made by the arbitrators, or any two of them, shall in all things by us, and each of us, be well and faithfully kept and observed. It is further mutually agreed that a certain lease executed by and between the said parties, of the farms now occupied by the said William Batten, be canceled and surrendered up, and that said Batten shall surrender said premises to said Patrick, and all crops growing thereon, at such time as said arbitrators shall determine: *Provided, however*, that the said award be made in writing under the hands of the said arbitrators, or any two of them, ready to be delivered to the said parties in difference on the 30th day of July, 1898.

"And it is hereby further agreed that the submission and award as hereinbefore provided shall be governed and be subject to the provisions of chapter 292 of Howell's Annotated Statutes of the State of Michigan. And it is hereby further mutually agreed by and between the said parties that judgment in the circuit court for said county of Wayne may be rendered upon the award to be made pursuant to this submission, to the end that all matters in controversy between them specified in the submission shall be finally concluded."

By stipulation, time to file the award was extended to August 30th. The arbitrators were chosen under this agreement, and each presented his claim before the arbitrators. Testimony was taken, and the material parts of the award are as follows:

"The said William Batten shall surrender up and vacate the premises he now occupies, belonging to the

said Alexander L. Patrick, and surrender the lease he holds of the same, together with all growing crops now on said premises, and shall deliver to said Patrick 200 bushels of oats, to be taken from the share of said Batten, raised on the said premises the present year; that being the amount received by said Batten from said Patrick January 1, 1897. We further award said Batten one-half the increase of the cattle and hogs for the years 1897 and 1898,—the same divided by us. We further award and determine that said Alexander L. Patrick shall pay the said William Batten the sum of six hundred fourteen and 43-100 ($614.43) dollars, to be paid within 30 days from the date hereof, as damages for the surrendering and vacating the premises now occupied by him before the time fixed by the terms of the lease therefor, and for improvements made by said Batten on said premises. We do further award and determine that said Batten shall vacate and surrender up possession of said premises within ten days from the date hereof. And we do further award, adjudge, and determine that there shall be paid to us the sum of forty ($40) dollars each as our fees as arbitrators, for eight days' time devoted by us to hearing the same, and a personal examination of the premises of said Patrick, now occupied by said Batten, and making a division of the increase of the stock and grain between them; said fees to be paid out of the award of six hundred and fourteen and 43-100 dollars made to said Batten; all other expenses and costs to be paid by the party incurring the same."

The award was filed October 11, 1898. Thereupon, and on the same day, the court entered judgment on the award, and ordered a copy thereof to be served on Mr. Patrick, with notice that, if he desired to complain of said award, he must move within 20 days to vacate the same. He appeared and made the following objections:

1. There was partiality shown by one of the arbitrators.
2. The arbitrators exceeded their powers, and awarded on matters not submitted to them.
3. The award is indefinite.
4. One of the arbitrators was not permitted to act in the completion of the award.
5. The award was neither made nor filed within the time fixed by the submission.

The court set the award aside upon the ground that the arbitrators exceeded their authority in awarding damages or compensation to Batten for the surrender of the lease.

*George W. Coomer*, for appellant.

*James Swan* (*S. S. Babcock*, of counsel), for appellee.

GRANT, J. (*after stating the facts*). 1. We think the court erred in setting aside the award. Patrick made affidavit that, at the time of signing said agreement for arbitration, he expressly stated, and it was agreed between him and Mr. Batten, that no question should arise concerning any damages relative to the surrender of the lease, and that no question of damages arising to either party from the surrender of said lease was submitted by said articles of arbitration. This is denied by Mr. Batten. Upon this and upon other points both the parties, their attorneys, and all the arbitrators have made affidavits, and on all material points they are in direct conflict. The agreement for arbitration did not specify any particular question of dispute, but covered all questions of dispute between them. The provision in the agreement that the lease should be canceled, and that the premises and all the crops growing thereon should be surrendered, does not prevent Batten from claiming and recovering for improvements made by him, or for damages for surrendering the lease. The agreement is unambiguous, and contemplated a general settlement of all matters in dispute between them. These arbitration tribunals are favored by the courts; they are chosen by the voluntary act of the parties; and he who seeks to annul an award must show, by clear and convincing proof, his right to have the same vacated for one of the four reasons fixed by the statute ( 3 Comp. Laws 1897, § 10932). If a party desires to have a finding upon each item of account or dispute, he must so provide in the articles of arbitration. Speaking of these tribunals, this court, through Chief Justice CAMPBELL, said:

"But it is evident that there are great objections to any general interference by courts with awards. They are

made by a tribunal of the parties' own selection, who are usually, at least, expected to act on their own view of law and testimony, more freely and less technically than courts and regular juries. They are also generally expected to frame their decisions on broad views of justice, which may sometimes deviate from the strict rules of law. It is not expected that, after resorting to such private tribunals, either party may repudiate their action and fall back on the courts." *Port Huron, etc., R. Co.* v. *Callanan,* 61 Mich. 26 (34 N. W. 678).

Having agreed to submit to this tribunal all matters in controversy, neither party can now come into court and by *ex parte* affidavits establish what it was agreed should or should not be submitted.

2. Counsel contend that the award is void because not filed within the time specified in the arbitration agreement. In support of this they cite *Brown* v. *Copp,* 5 N. H. 223; *Elliot* v. *Hanson,* 39 Mich. 157; *Marshall* v. *Powell,* 9 Q. B. 779. In *Brown* v. *Copp* the action was debt upon an arbitration bond conditioned upon the performance of an award, "so as the said award be made in writing and ready on or before the first day of December, 1828, then the bond to be void; else to remain in full force." It does not appear that that was an arbitration under any statute. The bond expressly provided that it should be void if the award was not rendered on or before a certain time. In *Elliot* v. *Hanson* the suit was on an arbitration bond conditioned for the performance of an award "to be made on or before the third day of August, 1872, at ten o'clock in the forenoon." The award was not made within that time. The court said, "No question arises upon its legality between the parties, but only as to whether the bond covers it." I find nothing in *Marshall* v. *Powell* which is in point. The parties in this case did not provide that the award should be void if it was not made at the time appointed. The failure to file the award within the time fixed is not one of the reasons provided for by the statute for vacating it.

We have examined the other points raised against the award, and do not find them valid.

Judgment reversed, and entered in this court for the amount of the award, with the costs of both courts.

The other Justices concurred.