BOLHUIS LUMBER & MANF'G CO. *v.* BROWER.

1. ARBITRATION AND AWARD—CAUSE FOR VACATING AWARD.
    Where arbitration award in favor of defendant was signed by
    only two of three arbitrators, threats made by defendant pre-
    vious to award against third arbitrator in case he decided in
    favor of plaintiff, although highly improper, cannot be said
    to have influenced action of other two.

2. SAME—STATUTORY CAUSE FOR COMPLAINING.
    Statutory cause for complaining of arbitration award, *held*, not
    shown by proofs (3 Comp. Laws 1915, § 13654, subds. 1–3).

3. SAME—DELAY IN FILING AWARD.
    That award of arbitrators was not filed within time specified in
    agreement did not render it void (3 Comp. Laws 1915, § 13654,
    subd. 4).

Error to Ottawa; Pugsley (Earl C.), J., presiding.
Submitted October 9, 1930. (Docket No. 56, Cal-
endar No. 35,128.) Decided December 2, 1930.

Assumpsit by Bolhuis Lumber & Manufacturing
Company, a Michigan corporation, against Arthur
Brower and another on a promissory note. Set-off
claim noticed by defendants. From judgment con-
firming award of arbitrators, plaintiff brings error.
Affirmed.

*Clare E. Hoffman* and *Carl E. Hoffman* (*Leo W.
Hoffman,* of counsel), for plaintiff.

*Charles E. Misner,* for defendants.

SHARPE, J. While an action at law, brought by
plaintiff to recover on a promissory note executed
by defendants, and in which defendants gave notice
of claim of set-off, was pending, the parties, on

November 25, 1929, entered into an agreement for
arbitration, pursuant to sections 13646 *et seq.*, 3
Comp. Laws 1915.  It provided for hearing and
decision within 15 days thereafter.  Each of the par-
ties appointed an arbitrator, and the two thus named
appointed a third.  An award, made by two of the
arbitrators on December 16, 1929, in favor of de-
fendants in the sum of $281.83, was confirmed by
the court on December 23, 1929, and judgment en-
tered thereon.  The plaintiff thereafter moved to set
aside the confirmation and judgment.  This motion
was denied.  Plaintiff seeks review by writ of error.

The motion was based upon the claim of the plain-
tiff that the award was procured by undue means;
that the arbitrator named by defendants was par-
tial; that defendant John J. Brower used undue in-
fluence in an effort to influence the judgment of the
arbitrator named by plaintiff; that the set-off was
improperly allowed; and that it was made after the
time fixed therefor in the arbitration agreement.

Affidavits were filed in support of and in opposi-
tion to the motion, and the testimony of plaintiff's
arbitrator, Frank Essenberg, was taken at the hear-
ing.  There was no dispute about the liability of de-
fendants upon the note.  The defendants' claim of
set-off was based on plaintiff's failure to comply
with the terms of a contract for the erection of a
dwelling house, made with the defendant J. J.
Brower and his wife, Helen Brower.  The claim for
damages therefor was clearly stated in the arbitra-
tion agreement.  By agreement between the attorneys
they took no part in this proceeding, nor was any
record kept of the meetings of the arbitrators or of
the proceedings had before them.

It appears from the testimony of Mr. Essenberg
that the defendants appeared and produced wit-

nesses tending to support their claim; that witnesses were called on behalf of plaintiff, and that the three arbitrators made an examination of the building; that they then met and gave consideration to the matters submitted to them, and two of them signed the award as filed in the court. He also testified that he "was the contractor and had charge of the building of this house when it was built." It is not surprising that he was unwilling to agree to a finding that it did not comply with the terms of the contract. He also testified that the defendant John J. Brower called at his office and complained about his selection as an arbitrator and made some threats as to what he would do to the witness if he decided in plaintiff's favor. This was not denied by Mr. Brower, and it was very improper conduct on his part. But, as Essenberg did not sign the award, we fail to see how it can be said to affect the action of the two arbitrators who did sign it. He (Essenberg) admitted that plaintiff took no part in the proceeding; that he procured the attendance of the witnesses for plaintiff, and in effect took charge of presenting the plaintiff's defense to the claim of set-off before the arbitrators.

The statutory grounds for complaining of such an award are thus stated (3 Comp. Laws 1915, § 13654):

"1. That such award was procured by corruption, fraud, or other undue means;

"2. That there was evident partiality or corruption in the arbitrators, or either of them;

"3. That the arbitrators were guilty of misconduct, in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear any evidence, pertinent and material to the controversy; or any other misbehavior by which the rights of any party shall have been prejudiced."

The proof submitted did not justify the vacation for any of these reasons.

"4. That the arbitrators exceeded their powers, or that they so imperfectly executed them, that a mutual, final and definite award on the subject matter submitted, was not made."

It is insisted that the failure of the arbitrators to file their award within the 15 days specified in the agreement for doing so rendered it void. This contention is without merit. A similar question was presented in *Patrick* v. *Batten*, 123 Mich. 203, and in disposing of it the court said:

"The parties in this case did not provide that the award should be void if it was not made at the time appointed. The failure to file the award within the time fixed is not one of the reasons provided for by the statute for vacating it."

The purpose of arbitration proceedings, and the unwillingness of the court to interfere with the awards made pursuant thereto, were commented on at some length by Mr. Justice CAMPBELL in *Port Huron, etc., Ry. Co.* v. *Callanan*, 61 Mich. 22, in which it was said:

"But it is evident that there are great objections to any general interference by courts with awards. They are made by a tribunal of the parties' own selection, who are, usually at least, expected to act on their own view of law and testimony more freely and less technically than courts and regular juries. They are also generally expected to frame their decisions on broad views of justice, which may sometimes deviate from the strict rules of law."

The judgment is affirmed.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.