CITY OF PLYMOUTH v McINTOSH

Docket No. 297614. Submitted December 9, 2010, at Detroit. Decided
     December 21, 2010, at 9:00 a.m.

Michael McIntosh was arrested by a city of Plymouth police officer,
     Kevin Chumney, and issued a citation for operating a motor vehicle
     while intoxicated, a misdemeanor. The citation included the lan-
     guage, "I declare under the penalties of perjury that the state-
     ments above are true to the best of my information, knowledge,
     and belief," and Chumney signed it and filed it in the 35th District
     Court. Defendant waived the arraignment and asked the court,
     Michael J. Gerou, J., to enter a plea of not guilty. Defendant was
     convicted by a jury of the lesser misdemeanor of operating a
     vehicle while visibly impaired. He appealed in the Wayne Circuit
     Court, and the circuit court, Thomas E. Jackson, J., concluded
     that, after defendant pleaded, the prosecutor was required by MCL
     764.9g to file a sworn complaint with the court before proceeding
     with prosecution. Because this was not done, the circuit court
     vacated defendant's conviction. The city of Plymouth appealed.

     The Court of Appeals *held*:

     1. MCL 764.9g unequivocally provides that in order for the
prosecution of a misdemeanor to continue after a defendant pleads
not guilty, a sworn complaint must be filed. There is no require-
ment that the sworn complaint be filed after the plea is made, only
that it is filed some time before additional proceedings take place
after the plea.

     2. Under both the Michigan Vehicle Code and the Code of
Criminal Procedure, when a citation is issued for a civil infraction,
misdemeanor, or ordinance violation for which the maximum
permissible penalty does not exceed 93 days in jail or a fine, or
both, that was committed in the presence of an officer who signs
the citation, the citation is treated as made under oath if it
includes the language, "I declare under the penalties of perjury
that the statements above are true to the best of my information,
knowledge, and belief." Because the citation issued to defendant
was signed by the officer who had witnessed the violation and
included the required language, a sworn complaint was filed at the
time the citation was filed and there was no need for a second

sworn complaint to be filed before proceedings could continue after defendant's plea of not guilty. The circuit court erred in vacating defendant's conviction.

Reversed and remanded.

PRETRIAL PROCEDURE — MISDEMEANOR PROSECUTIONS — NOT-GUILTY PLEAS — SWORN COMPLAINTS.

Under MCL 764.9g, in order for the prosecution of a misdemeanor to continue after a defendant pleads not guilty, a sworn complaint must be filed; there is no requirement that the sworn complaint be filed after the plea is made, only that it is filed some time before additional proceedings take place after the plea.

*Miller & Bartnicki, P.C.* (by *Cameron A. Miller* and *Michael P. Bartnicki*), for the city of Plymouth.

*Lawrence J. Coogan* for Michael McIntosh.

Amici curiae:

*Hemming, Polaczyk, Cronin, Smith, Witthoff & Bennett, P.C.* (by *Kevin L. Bennett*), for Canton Charter Township.

*Garan Lucow Miller, P.C.* (by *Rosalind Rochkind*) for the Michigan Municipal League and the Michigan Townships Association.

Before: SHAPIRO, P.J., and SAAD and K. F. KELLY, JJ.

PER CURIAM. The prosecutor appeals by leave granted an order vacating defendant's conviction for operating a motor vehicle while visibly impaired, MCL 257.625(3). We reverse.

Defendant was arrested for a violation of MCL 257.625(1), operating a motor vehicle while intoxicated. Pursuant to MCL 257.625(9)(a), a first offense was "a misdemeanor punishable by 1 or more of the following: (*i*) Community service for not more than 360 hours. (*ii*) Imprisonment for not more than 93 days . . . . (*iii*) A fine

of not less than $100.00 or more than $500.00 . . . ." It is undisputed that Officer Kevin Chumney, a police officer for the city, issued a citation[1] for this offense, which was then filed with the district court. The citation included the language, "I declare under the penalties of perjury that the statements above are true to the best of my information, knowledge, and belief." In addition, this citation provided that defendant was to appear on or before February 12, 2009. According to the district court opinion below, defendant was initially held pursuant to MCL 780.581(3) until he was in a proper condition to be released and, apparently in lieu of an immediate arraignment, see MCL 257.727 and MCL 257.625b(1), was released after posting bond. See MCL 780.581(2). While the district court opinion indicated that defendant was subsequently arraigned, we note that in a letter to the court dated February 4, 2009, defendant's attorney specifically waived defendant's arraignment, asked the court to enter a plea of not guilty on defendant's behalf, and asked that the matter be set for a pretrial conference.[2] Defendant was subsequently convicted by jury of the lesser offense of operating a vehicle while visibly impaired, MCL 257.625(3).

---

[1] Officer Chumney utilized the "Uniform Law Citation" form citation in the instant case. As will be discussed below, the Code of Criminal Procedure, including MCL 764.9g, which is at issue in the instant case, refers to citations as "complaints" or "appearance tickets," see MCL 764.9f, while the Michigan Vehicle Code refers to them as "complaints" or "citations to appear," see MCL 257.728(1). Based on our reading of these provisions and the discussion by the State Court Administrative Office, which uses these terms interchangeably to discuss the Uniform Law Citation, we conclude that these provisions all discuss what is, in effect, a written notice to appear given to a misdemeanor defendant (by an officer or other official) in lieu of a more immediate presentation of the defendant to a magistrate.

[2] The district court's register of actions, while containing an "arraignment date" of February 4, 2009, also notes that defendant's attorney waived the arraignment on that date.

On appeal to the circuit court, that court held that after defendant pleaded not guilty, the prosecutor was required to file a sworn complaint with the court before the prosecution could proceed. Since it was undisputed that this procedure was not followed, the circuit court ruled that defendant's conviction must be vacated. The circuit court reached this conclusion based on its reading of MCL 764.9g, which provides:

> (1) When under the provisions of sections 9b or 9c an officer issues *an appearance ticket,* an examining magistrate may accept a plea of guilty or not guilty *upon the appearance ticket, without the necessity of a sworn complaint. If the offender pleads not guilty, no further proceedings may be had until a sworn complaint is filed with the magistrate. A warrant for arrest shall not issue for an offense charged in the appearance ticket until a sworn complaint is filed with the magistrate.*

> (2) *A district court magistrate may accept a plea of guilty upon an appearance ticket, without the necessity of a sworn complaint,* for those offenses within his jurisdiction as prescribed by section 8511 of Act No. 236 of the Public Acts of 1961, as amended, being section 600.8511 of the Compiled Laws of 1948. [Emphasis added.][3]

---

[3] Similarly, the Michigan Vehicle Code provides in MCL 257.728e:

> When under section 728 an officer issues a citation for a misdemeanor punishable by imprisonment for not more than 90 days, a magistrate may accept a plea of guilty or not guilty upon the citation, without the necessity of a sworn complaint but the officer shall sign the complaint before the magistrate makes a docket return on the complaint. If the offender pleads not guilty, further proceedings may not be had until a sworn complaint is filed with the magistrate. A warrant for arrest shall not issue for an offense under this act until a sworn complaint is filed with the magistrate.

While the first portion of this provision is not directly applicable to the facts in the instant case where the crime charged was a 93-day misdemeanor and defendant did not plead guilty, the language relied upon by the circuit court is identical, i.e., that once a defendant pleads not guilty

The prosecutor appeals this dismissal and argues that, contrary to the decision of the circuit court, if a citation constituting a sworn complaint has already been filed with the court, then neither the Michigan Vehicle Code nor the Code of Criminal Procedure requires an additional sworn complaint to be filed with the magistrate after a plea of not guilty in certain misdemeanor cases. The prosecutor further argues that the district court correctly held that this procedure is also proper under MCR 6.615. We agree.

"We review de novo issues of constitutional and statutory interpretation, as well as all other questions of law." *People v Gayheart*, 285 Mich App 202, 207; 776 NW2d 330 (2009). Likewise, "[i]nterpretation of a court rule is a question of law that this Court reviews de novo." *People v Buie*, 285 Mich App 401, 416; 775 NW2d 817 (2009) (quotation marks and citation omitted). The principles of statutory interpretation apply to the interpretation of court rules. *People v Caban*, 275 Mich App 419, 422; 738 NW2d 297 (2007).

MCL 764.9g unequivocally provides that in order for a prosecution to continue after a plea of not guilty, a sworn complaint must be filed. However, the statute does not indicate that the sworn complaint must come *after* that plea. Defendant suggests that this temporal requirement is the only way to make sense of the provision. However, defendant ignores the fact that the prosecution may, but is not required to, file a sworn complaint before the plea. If the prosecution does not, then MCL 764.9g requires that a sworn complaint then be filed before further proceedings. On the other hand, in those cases where the prosecution files a sworn complaint before the arraignment,

the proceedings must be stopped until a "sworn complaint" is filed with the magistrate and a warrant is issued.

MCL 764.9g is satisfied and there is no requirement that a second sworn complaint be filed.

The same is true as to defendant's reliance on MCL 257.728e. This provision requires that a sworn complaint must be filed prior to further proceedings after a plea of not guilty. However, it does not mandate that the sworn complaint be filed after the plea. The only requirement is that the sworn complaint be filed at some time before those additional proceedings take place. There is nothing in the statute that requires a second sworn complaint.

It is clear that related statutes, as well as the applicable court rule, provide for citations that constitute a "sworn complaint" and for citations that are not sworn. MCL 257.727c, which addresses citations under the Michigan Vehicle Code, provides:

> (1) As used in this act, *"citation" means a complaint* or notice upon which a police officer shall record an occurrence involving 1 or more vehicle law violations by the person cited. Each citation shall be numbered consecutively, be in a form as determined by the secretary of state, the attorney general, the state court administrator, and the director of the department of state police and shall consist of the following parts:
>
> (a) *The original which shall be a complaint or notice to appear by the officer and shall be filed with the court in which the appearance is to be made.*
>
> (b) The first copy which shall be retained by the local traffic enforcement agency.
>
> (c) The second copy which shall be delivered to the alleged violator if the violation is a misdemeanor.
>
> (d) The third copy which shall be delivered to the alleged violator if the violation is a civil infraction.
>
> (2) With the prior approval of the state officials enumerated in subsection (1), the citation may be appropriately modified as to content or number of copies to accommodate

law enforcement and local court procedures and practices. Use of this citation for other than moving violations is optional.

(3) *For purposes of this act, a complaint signed by a police officer shall be treated as made under oath if the violation alleged in the complaint is either a civil infraction or a misdemeanor or ordinance violation for which the maximum permissible penalty does not exceed 93 days in jail or a fine, or both, and occurred or was committed in the signing officer's presence or under circumstances permitting the officer's issuance of a citation under section 625a or 728(8), and if the complaint contains the following statement immediately above the date and signature of the officer:*

*"I declare under the penalties of perjury that the statements above are true to the best of my information, knowledge, and belief."* [Emphasis added.]

The statute clearly provides that a signed citation is a complaint and that, where the violation is punishable by no more than 93 days in jail and was committed in the officer's presence, the signed citation constitutes a "sworn complaint" if the citation form contains the signed declaration set forth in subsection (3) above. In this case, the offense occurred in Officer Chumney's presence, and the citation, which was filed with the district court, contained the phrase required by subsection (3) above. Therefore, the citation constituted a sworn complaint pursuant to this section.

The citation in the instant case also constitutes a sworn complaint under the applicable provision in the Code of Criminal Procedure. MCL 764.1e(1) states the following regarding complaints:

For purposes of sections 1a to 1d of this chapter, a complaint signed by a peace officer shall be treated as made under oath if the offense alleged in the complaint is a misdemeanor or ordinance violation for which the maximum permissible penalty does not exceed 93 days in jail or

a fine, or both, that was committed in the signing officer's presence or that was committed under circumstances permitting the officer's issuance of a citation under section 625a[4] or 728(8) of the Michigan vehicle code, 1949 PA 300, MCL 257.625a and 257.728, and if the complaint contains the following statement immediately above the date and signature of the officer:

"I declare under the penalties of perjury that the statements above are true to the best of my information, knowledge, and belief." [Emphasis added.]

Therefore, under both of these provisions, the citation issued to defendant constitutes a sworn complaint.

We note the following instructive discussion concerning the rationale behind the use of the "appearance ticket" and the fact that under certain circumstances, a police officer's signed citation substitutes as a sworn complaint:

In contrast with those arrested for felonies, a person arrested for a minor offense need not be taken immediately before a magistrate,[5] and a complaint need not be immediately presented to a magistrate. *Cf.* MCL 764.9c; MSA 28.868(3), with MCL 764.13; MSA 28.871(1). Public ser-

---

[4] MCL 257.625a provides in pertinent part:

(1) A peace officer may arrest a person without a warrant under either of the following circumstances:

(a) The peace officer has reasonable cause to believe the person was, at the time of an accident in this state, the operator of a vehicle involved in the accident and was operating the vehicle in violation of section 625 or a local ordinance substantially corresponding to section 625.

[5] As noted in other portions of this opinion, this does not strictly apply in the instant case because defendant was arrested for a violation of MCL 257.625(1). See MCL 257.727. However, the points made in the discussion are equally applicable, i.e., (1) appearance tickets or "citations to appear" are issued to certain misdemeanor offenders in lieu of taking the offender into custody, (2) a magistrate need not have a sworn complaint in front of him or her in order to receive a plea of guilty or not guilty to certain

vants other than peace officers can be authorized to serve appearance tickets[6] for certain offenses of less than felony grade. MCL 764.9c; MSA 28.868(3). An examining magistrate can accept a plea of guilty or not guilty for certain minor offenses for which an appearance ticket has been issued without the necessity of a sworn complaint. MCL 764.9g; MSA 28.868(7). Finally, while most complaints must be sworn to before a magistrate or clerk, MCL 764.1a; MSA 28.860(1), for certain minor offenses the complaint is simply treated as having been made under oath if it contains a declaration that the statements are true upon information and belief above the date and signature of a peace officer. MCL 764.1e; MSA 28.860(5). [*People v Smith*, 423 Mich 427, 443 n 1; 378 NW2d 384 (1985) (opinion by WILLIAMS, C.J.).]

---

offenses, and (3) a police officer's citation can serve as a sworn complaint if it meets the requirements of MCL 764.1e(1) or MCL 257.727c(3).

[6] An appearance ticket is defined in MCL 764.9f, which provides:

(1) . . . "[A]ppearance ticket" means *a complaint or written notice issued and subscribed by a police officer* or other public servant authorized by law or ordinance to issue it directing a designated person to appear in a designated local criminal court at a designated future time in connection with his or her alleged commission of a designated violation or violations of state law or local ordinance for which the maximum permissible penalty does not exceed 93 days in jail or a fine, or both. The appearance tickets shall be numbered consecutively, be in a form required by the attorney general, the state court administrator, and the director of the department of state police, and consist of the following parts:

(a) *The original which shall be a complaint or notice to appear by the officer and filed with the court.*

(b) The first copy which shall be the abstract of court record.

(c) The second copy which shall be retained by the local enforcement agency.

(d) The third copy which shall be delivered to the alleged violator.

(2) With the prior approval of the state officials listed in subsection (1), an appearance ticket may be appropriately modified as to content or number of copies to accommodate law enforcement and local court procedures and practices.

Similar provisions apply under the Michigan Vehicle Code; i.e., an individual who commits a misdemeanor under the code and who is subject to a warrantless arrest can either be detained and arraigned, or issued a "citation to appear"; and the magistrate can, for certain offenses, accept a plea of guilty or not guilty without the necessity of a sworn complaint. See MCL 257.727; MCL 257.728; MCL 257.728e. And as noted above, under MCL 257.727c(3), a citation can constitute a sworn complaint if it meets the conditions stated in that subsection.

This statutory scheme is consistent with the relevant court rule. MCR 6.615, which governs the initiation of misdemeanor traffic cases, provides for the use of a citation as a sworn complaint. Specifically, the rule provides in pertinent part:

(A) Citation; Complaint; Summons; Warrant.

(1) A misdemeanor traffic case may be begun by one of the following procedures:

(a) Service by a law enforcement officer on the defendant of a written citation, and the filing of the citation in the district court.

(b) The filing of a sworn complaint in the district court and the issuance of an arrest warrant. *A citation may serve as the sworn complaint* and as the basis for a misdemeanor warrant.

(c) Other special procedures authorized by statute.

(2) The citation serves as a summons to command

(a) the initial appearance of the defendant; and

(b) a response from the defendant as to the defendant's guilt of the violation alleged.

\* \* \*

(D) Contested Cases.

(1) A contested case may not be heard until a citation is filed with the court. If the citation is filed electronically, the court may decline to hear the matter until the citation is signed by the officer or official who issued it, and is filed on paper. A citation that is not signed and filed on paper, when required by the court, may be dismissed with prejudice.

(2) A misdemeanor traffic case must be conducted in compliance with the constitutional and statutory procedures and safeguards applicable to misdemeanors cognizable by the district court.

Thus, not all appearance tickets or citations are considered sworn complaints under the Michigan Vehicle Code or the Code of Criminal Procedure, and not every appearance before the magistrate necessarily is preceded by the issuance of a complaint. This procedure, similar to that found in MCR 6.615, is designed to ensure that, following a plea of not guilty, until the magistrate has in front of him or her either a sworn complaint or a citation that takes the place of a sworn complaint, further proceedings do not occur. It is not, as defendant suggests, designed to require that the officer file a second form to essentially restate identical facts before the proceedings can continue.

We find further support for our conclusion in a memorandum from the State Court Administrative Office, dated June 13, 2003, which approves the Uniform Law Citation for use as a citation and appearance ticket and advises that the citation serves as the complaint. The memorandum specifically states:

The Uniform Law Citation is the formal sworn complaint as is Form DC 225.[7] Courts may require prosecutorial review of the citation or the filing of a "formal"

_____

[7] The Uniform Law Citation is the civil infraction or misdemeanor appearance citation, which was used in the instant case and signed by Officer Chumney. Form DC 225 is the separate misdemeanor complaint and warrant.

complaint on Form DC 225 as a matter of preference for purposes of ensuring that the complaint has been reviewed by an attorney. This is not a requirement of the statute. MCL 764.9g authorizes the process from filing to hearing on the citation alone and was not intended to require the filing of DC 225 before the court. MCL 764.9g was intended to allow for the option of proceeding on either the appearance ticket (Uniform Law Citation) or DC 225 depending on the preference of the local jurisdiction. The primary point of MCL 764.9g is to ensure that the court does not proceed until either the citation or other sworn complaint has **actually been filed**, since there are instances in which the defendant may appear in court before the citation has been filed.

We agree, and note that while an administrative agency's interpretation of a statute it is charged with executing is not binding on this Court, we find it persuasive in this case and not contrary to the plain meaning of the statutes at issue. *Chelsea Inv Group LLC v City of Chelsea*, 288 Mich App 239, 260; 792 NW2d 781 (2010).

Here, defendant was arrested, detained, and would have been arraigned had he not waived his arraignment. Instead, he was released on bond and, similarly to the circumstances concerning other misdemeanors for which a citation to appear is generally given, Officer Chumney's citation was filed with the court. This citation was in the form of the Uniform Law Citation, and contained the language, "I declare under the penalties of perjury that the statements above are true to the best of my information, knowledge, and belief." Under MCL 257.727c, MCL 764.1e, and MCR 6.615, this citation served as the sworn complaint. Thus, the circuit court erred in its finding that a second sworn complaint had to be issued prior to continuation of the case following the entry of defendant's plea of not guilty.

Finally, although the circuit court did not reach the issue, we also reject defendant's claim below that this procedure somehow deprived defendant of due process. While defendant appears to maintain that a warrant was necessary in the instant case, we concur with the district court that, because the function of a warrant in a criminal case is to enable the court to acquire jurisdiction over the defendant, and since defendant in the instant case voluntarily subjected himself to the district court's jurisdiction through his attorney's waiver of the arraignment and request for entry of a plea of not guilty, there was no necessity to issue another warrant. See *People v Burrill*, 391 Mich 124, 131; 214 NW2d 823 (1974); *Detroit v Recorder's Court Judge*, 85 Mich App 284, 290-291; 271 NW2d 202 (1978). As to defendant's arguments concerning the determination of reasonable cause by a magistrate, defendant cannot be heard to complain here when he decided to waive his arraignment and move to the pretrial phase of the proceedings. Our Supreme Court has held that the right to an arraignment is a procedural right that can be waived by defendant through his counsel. *People v Phillips*, 383 Mich 464, 470; 175 NW2d 740 (1970). "A defendant may not waive objection to an issue before the trial court and then raise the issue as an error on appeal." *People v Aldrich*, 246 Mich App 101, 111; 631 NW2d 67 (2001).

Reversed and remanded for reinstatement of defendant's conviction. We do not retain jurisdiction.