# STATE OF MICHIGAN

# COURT OF APPEALS

BENJAMIN CIOTTI,

        Plaintiff-Appellee,

v

ANDRE HARRIS and A. D.
TRANSPORTATION EXPRESS, INC.,

        Defendants-Appellants.

UNPUBLISHED
December 12, 2017

No. 332792
Wayne Circuit Court
LC No. 13-013366-NI

Before: JANSEN, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Defendants appeal as of right a trial court order granting plaintiff's motion to enforce an arbitration award, denying defendants' motion to vacate the award, and awarding plaintiff a judgment of $668,500 against defendants. We affirm.

## I. FACTS AND PROCEDURE

This case arises from an automobile accident in which plaintiff's car collided with a tractor-trailer allegedly driven by defendant Harris and leased to Harris's employer, AD Transportation Express (ADT). According to a December 21, 2012 traffic crash report, Harris had "parked on the roadway impeding traffic" and plaintiff rear-ended the trailer. Thereafter, plaintiff filed a complaint in the circuit court alleging that Harris had operated his vehicle in a negligent manner and seeking to hold ADT vicariously liable.

In lieu of trial, the parties agreed to submit plaintiff's claims against Harris and ADT to binding arbitration. The case was submitted to a three-person panel consisting of a neutral chairman agreed upon by the parties, Martin Waldman, and two other individuals—one selected by plaintiff and one by defendants. The arbitration agreement included the following provisions:

> 6. The neutral arbitrator's fees shall be paid one-half by Plaintiff and one-half by the Defendants. Plaintiff and Defendants will pay their own arbitrators, respectively. Each party shall bear his/its own costs, attorney fees, and litigation expenses.

\* \* \*

-1-

8. The parties have also agreed to a high-low agreement as follows: $0.00 low and $950,000.00 high . . . . The parties also agree that the high-low agreement . . . shall not be disclosed to the Panel.

* * *

13. The decision of a majority of the arbitrators shall be sufficient to support the award. The arbitrators shall render a *reasoned award* in a writing signed by all arbitrators who concur in the award.

14. If any party fails to abide by the award within 28 days after the award is rendered, any party may seek judgment on the award in this Court.

* * *

18. The arbitration shall occur within the next Ninety (90) days. The arbitrators shall render their award within 21 days after the conclusion of the arbitration hearing.

19. The Court shall retain jurisdiction to the extent necessary to enforce the provisions of this Order and the Revised Uniform Arbitration Act, MCL 691.1681 et seq. [Emphasis added.]

After a hearing, the panel rendered a "non-unanimous award" of $668,500 in plaintiff's favor.

Defense counsel protested the award to Waldman, contending that the panel had not issued a "reasoned award," and asked that the arbitrators "reconvene to formulate a reasoned award" as required by the parties' agreement. Waldman responded that "the arbitration panel members spent a considerable period of time in deliberating and discussing the claim presented and the defenses raised by" defendants and declined to issue "a written decision." On March 9, 2016, defendants filed a motion to vacate the arbitration award, alleging that the arbitrators exceeded their powers by failing to issue a "reasoned award."

On March 10, 2016, plaintiff's counsel forwarded a copy of defendants' motion to Waldman. He stated that he did not necessarily agree with it, but nonetheless suggested that the panel "consider an amendment to the award/a short explanation that addresses" the concerns raised by defendants. Defendants objected, asserting that in light of their motion, "the panel is without jurisdiction or authority to modify, amend and/or explain its award."

On March 11, 2016, plaintiff filed a motion to enforce the award, impose costs, and order $5,000 in sanctions against defendants for their refusal to abide by the terms of the arbitration agreement. That same day, the arbitration panel issued an amended award. In a written opinion, the panel explained that it had found Harris negligent for failing to take any action to alert other drivers that his truck was stopped in the roadway, and that plaintiff had sustained injuries as a result. The panel had also rejected defendants' claim that plaintiff was comparatively negligent. The panel issued a supplemental invoice to the parties for $1,950.

-2-

Defendants filed a response in which they argued that in light of plaintiff's suggestion to the arbitration panel and the panel's issuance of an amended award, it was clear that the panel's original award was not a "reasoned award" and thus it should be vacated as requested. Defendants also argued that the amended award was invalid because (1) the panel lacked jurisdiction to issue an amended award, and (2) it was not itself a "reasoned award" because it "contains a superficial discussion of the majority's impression of the evidence without specific application of third party no-fault and damages concepts" and does not "discuss key concepts of the claims and defenses." Defendants also claimed that the amended award was "tainted" because plaintiff had disclosed the high-low agreement to the panel before the amended award was issued. Finally, defendants argued that plaintiff's own motion to enforce the award was untimely and there was no basis for imposing sanctions.

Following argument, the trial court denied defendant's motion to set aside the amended arbitration award. The trial court concluded that despite the "hiccup," the arbitration panel had ultimately issued a "reasoned award" as required by the parties' arbitration agreement. The trial court also declined defendants' request to hold the amended award invalid as a result of plaintiff's inadvertent disclosure[1] to the panel of the parties' high-low agreement: "[T]he fact that they received a high-low in and of itself is immaterial 'cause a result had already been reached."

The trial court granted plaintiff's motion to enforce the amended arbitration award. However, in consideration of defendants' argument that they should have 28 days from the award date to comply, the trial court indicated that it would delay entry of its order until that period had expired. Addressing plaintiff's motion for costs and sanctions, the trial court indicated that it would order defendants to pay the $1,950 additional cost of arbitration beyond the date of the first hearing.

## II. MOTION TO VACATE AMENDED ARBITRATION AWARD

On appeal, defendants first argue that the trial court erred in denying their motion to vacate the arbitration award because the award was (1) untimely and outside the arbitration panel's authority, (2) tainted by plaintiff's improper disclosure of the parties' high-low agreement, and (3) not a "reasoned" award as required under the parties' arbitration agreement. We disagree.

The trial court's decision to enforce or vacate an arbitration award is reviewed de novo on appeal. *Cipriano v Cipriano*, 289 Mich App 361, 368; 808 NW2d 230 (2010). "Whether an arbitrator exceeded his or her authority is also reviewed de novo." *Washington v Washington*, 283 Mich App 667, 672; 770 NW2d 908 (2009).

---

[1] As noted, the high-low agreement was set forth in the arbitration order. Waldman had originally been given "a redacted copy" of the order in which paragraph 8 was deleted. An unredacted copy of the order was appended as an exhibit to defendants' motion. When plaintiff sent a copy of the motion to Waldman, he included the exhibits appended thereto.

A trial court may vacate an arbitration award on various grounds listed in MCL 691.1703. In pertinent part, the statute provides:

(1) On motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if any of the following apply:

(a) The award was procured by corruption, fraud, or other undue means.

(b) There was any of the following:

(*i*) Evident partiality by an arbitrator appointed as a neutral arbitrator.

(*ii*) Corruption by an arbitrator.

(*iii*) Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding.

(c) An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 15,1 so as to prejudice substantially the rights of a party to the arbitration proceeding.

(d) An arbitrator exceeded the arbitrator's powers.

(e) There was no agreement to arbitrate . . . .

(f) The arbitration was conducted without proper notice . . . . [MCL 691.1703.]

"[A]rbitrators have exceeded their powers whenever they act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law." *Dohanyos v Detrex Corp (After Remand)*, 217 Mich App 171, 176; 550 NW2d 608 (1996). "This is because arbitrators derive their authority from the parties'. . . arbitration agreement and they are bound to act within those terms." *Id*.

## A. TIMING OF THE AMENDED AWARD

Defendants argue that the arbitration panel lacked jurisdiction to enter the amended award because it was not issued within 21 days after the arbitration hearing as specified by the parties' agreement. Defendants' argument lacks merit.

An arbitration award "must be made within the time specified by the agreement to arbitrate or, if not specified in the agreement, within the time ordered by the court." MCL 691.1699(2). The parties' agreement required that the award be rendered "within 21 days after the conclusion of the arbitration hearing." The amended arbitration award states that the hearing was conducted on February 4, 2016. Thus, the panel had until February 25, 2016 to issue an award. The original award was issued on February 15, 2016, but the amended award was not

issued until March 11, 2016. However, we conclude that the fact that the amended award was issued beyond the 21-day period specified in the agreement does not render it untimely, such that the arbitrators exceeded their authority by issuing the amended award.

It is undisputed that the initial arbitration award was issued within the 21-day period. Under MCL 691.1700, a party also has 20 days after issuance of an arbitration award to ask the arbitrator to modify or correct the award. The statute does not set forth a time limit for the arbitrator to respond to the motion, and the parties' arbitration agreement does not address the matter. The time limit specified in the parties' agreement addresses only the original award, not an amended award issued in response to a motion under MCL 691.1700.

Further, even assuming that the parties' 21-day provision could be read as applying to a decision on a motion to modify or correct the award, it has been held that the arbitrators' failure to issue an award within the time specified by the parties is not grounds for vacating the award where, as here, the parties did not so stipulate in the arbitration agreement. *Bolhuis Lumber & Mfg Co v Brower*, 252 Mich 562, 565; 233 NW 415 (1930); *Patrick v Batten*, 123 Mich 203, 207; 81 NW 1081 (1900). The trial court therefore did not err when it denied defendants' motion to vacate the amended award as untimely.

### B. DISCLOSURE OF THE HIGH-LOW AGREEMENT

Next, defendants contend that plaintiff acted improperly by providing the arbitration panel an unredacted copy of the arbitration agreement with his request for an amended award, thus disclosing the high-low agreement. Defendants do not explain how the disclosure justifies vacating the amended arbitration award under any of the grounds listed in MCL 691.1703(1). Defendants do not allege that the disclosure amounted to corruption or fraud. To the extent that defendants rely on MCL 691.1703(1)(a) ("[t]he award was procured by corruption, fraud, or other undue means"), we consider whether plaintiff's disclosure amounts to "other undue means" sufficient to warrant relief under the statute.

This Court has not explained what constitutes "other undue means." Extra-jurisdictional decisions have held that the term refers to "intentional misconduct" of some kind, and not to "sloppy or overzealous lawyering." *PaineWebber Group, Inc v Zinsmeyer Trusts Partnership*, 187 F3d 988, 991 (CA 8, 1999). The misconduct must be "equivalent in gravity to corruption or fraud, such as a physical threat to an arbitrator or other improper influence." *American Postal Workers Union, AFL-CIO v United States Postal Serv*, 52 F3d 359, 362 (DC, 1995). See also *Nat'l Cas Co v First State Ins Group*, 430 F3d 492, 499 (CA 1, 2005) (the term "describes underhanded or conniving ways of procuring an award that are similar to corruption or fraud, but do not precisely constitute either."). Further, there must be some causal nexus between the improper conduct and the award. See *Bolhuis Lumber & Mfg Co*, 252 Mich at 564-565 (threatening an arbitrator should he decide in favor of the opposing party does not justify vacating the award when the threatened arbitrator did not sign the award).

It appears that plaintiff's disclosure of the high-low agreement was inadvertent rather than intentional. There is no evidence that any of the arbitrators actually took note of the high-low agreement and no evidence that it had any effect on the award, which was first issued before the disclosure and remained unchanged as to both the prevailing party and the amount of

damages when amended. The evidence does not support a finding of intentional misconduct or establish a causal nexus between the disclosure and the amended award. Therefore, the disclosure of the high-low agreement did not justify vacating the award.

### C. WHETHER THE AWARD WAS A "REASONED AWARD"

Finally, defendants argue that the amended award should be vacated because it is not a "reasoned award" as required by the parties' arbitration agreement. We disagree.

The general rule is that when the parties do not stipulate to the form of an award, "an arbitrator need not provide a record of findings and supporting law to issue a valid, enforceable award," although he may issue a written explanation for an award if he deems it appropriate to do so. *Saveski v Tiseo Architects, Inc*, 261 Mich App 553, 556-557; 682 NW2d 542 (2004). In this case, the parties agreed that the arbitrators should issue "a reasoned award" in writing. However, they did not define what constitutes a "reasoned award."

Neither this Court nor the Michigan Supreme Court has issued any published decisions addressing what constitutes a "reasoned award," but this Court has addressed the issue in unpublished decisions. In *Mehl v Fifth Third Bank*, unpublished opinion per curiam of the Court of Appeals, issued December 11, 2008 (Docket No. 278977), p 2, this Court indicated that it is an award that on its face "sufficiently explains the basis for the arbitrator's decision and reasoning," but "formal findings of fact and conclusions of law [are] not required." This Court found it sufficient that "the arbitrator indicated that he considered all testimony, exhibits, and post-hearing submissions" and "explained that the case came down to credibility and that plaintiffs' evidence was insufficient to meet the agreed on clear and convincing standard of proof." *Id*. In *Karmanos v Compuware Corp*, unpublished opinion per curiam of the Court of Appeals, issued October 20, 2016 (Docket Nos. 327476, 327712), p 3, this Court referred to an award stating that the appellee was entitled to $16,500,000 against the appellant as "an unreasoned award." Although our unpublished opinions are nonbinding, we nevertheless regard them as persuasive. *Paris Meadows, LLC v Kentwood*, 287 Mich App 136, 139 n 3; 783 NW2d 133 (2010). Although our Courts have yet to adopt a definition of "reasoned award" in this context, we are certain that the amended arbitration award at issue here would fall within its parameters.

The issues in this case were whether Harris was negligent when he stopped his truck in a through travel lane, whether plaintiff sustained a serious impairment of body function as a result of the accident, whether plaintiff was comparatively negligent for failing to observe and running into defendants' truck, and if plaintiff prevailed on these issues, the amount of plaintiff's damages. The amended arbitration award states that the panel deliberated on the matter for over two days, taking into account "the extensive briefs, evidence and testimony presented" at the hearing. It then presents a detailed discussion of why the panel majority found Harris negligent and that plaintiff not comparatively negligent. It impliedly indicates that plaintiff suffered a serious impairment of body function as a result of the accident and that his injuries are expected to be permanent. The arbitrators' amended award offers more than a simple result announcing an award in plaintiff's favor. While it does not discuss all of the evidence presented at the hearing, the parties' arguments, or the law applicable to the issues presented, such detailed

analysis is beyond that required for a reasoned award. The trial court correctly concluded that the amended award was a reasoned award and denied defendants' motion to vacate.

### III. SUFFICIENCY OF INITIAL AWARD

Next, defendant argues that the arbitrator's original award, which failed to meet the requirement that it be "reasoned," should be vacated and the matter remanded for a new arbitration hearing before a new panel. Although we agree that the arbitrators exceeded their powers by failing initially to issue a reasoned award, we conclude that the issue is moot.

The arbitrators' original award provided nothing more than the dollar amount of the award the arbitrators deemed appropriate. It lacked even a line or two of unexplained conclusions, and therefore violated the arbitration agreement's mandate that the arbitrators produce a "reasoned" award. However, because the arbitrators corrected the error by issuing a timely amended award that satisfied the requirement and the trial court properly enforced the amended award, there is no relief that can be granted to defendants based on the arbitrators' initial error. The issue is therefore moot. *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998) ("[a]n issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief.").

### IV. MOTION TO ENFORCE AMENDED AWARD

Next, defendant argues that the trial court erred in granting plaintiff's motion to enforce the amended award because plaintiff's motion was untimely. We disagree.

Defendants' argument centers on the provision in the arbitration agreement which provides, "If any party fails to abide by the award within 28 days after the award is rendered, any party may seek judgment on the award in this Court." Defendants read this to mean that they had 28 days to comply with the award and thus plaintiff could not move to enforce the award until that 28-day period had expired. Plaintiff filed his motion on March 11, 2016, which was only 25 days following the issuance of the original award and the same day as the issuance of the amended award. Therefore, argue defendants, the 28-day period had not expired and the trial court lacked the authority to enter the early order of enforcement.

Defendants' argument fails. MCL 691.1702 does not specify a time in which a motion to confirm an award must be brought, and the corresponding court rule provides a one-year time limit. See MCR 3.602(I). Furthermore, the parties' agreement indicates that the prevailing party can seek judgment on the award if the losing party does not abide by the award within 28 days. Defendants had already filed a motion to vacate the award and noticed the hearing for April 1, 2016, thereby announcing an intent not to comply with the award within the 28-day period. In addition, as plaintiff points out, plaintiff's motion, whether timely or not, was really of no moment because "[i]f the court denies a motion to vacate an award, it shall confirm the award unless a motion to modify or correct the award is pending." MCL 691.1703(4). Because no motions were pending and the court denied defendants' motion to vacate, it was required to confirm the award whether or not plaintiff had formally requested such relief. Finally, the trial court apparently agreed with defendants that the motion was untimely. Rather than dismiss the motion and require plaintiff to refile it, the court instead deferred entry of a judgment and a

judgment was not entered on the award until April 14, 2016, which was more than 28 days after issuance of both the original award and the amended award. Defendants are not entitled to relief on this ground.

## V. IMPOSITION OF COSTS

Finally, defendants argue that the trial court erred when it ordered defendants to pay the arbitrator's fee for issuing an amended award as a "sanction" because (1) the amended award was issued at plaintiff's request, and (2) the arbitration agreement prohibited the trial court's imposition of sanctions. Again, we disagree.

The trial court did not identify the court rule or statute under which it imposed costs. In his motion, plaintiff asked that the court order defendants to pay "arbitration costs and sanctions" of $5,000. While defendants suggest that the trial court ordered them to pay the additional arbitration fee as a sanction, the trial court clearly considered plaintiff's request an "issue of costs" and never expressly stated that it was granting sanctions.

When a court grants a motion to confirm an arbitration award, it "may allow reasonable costs of the motion and subsequent judicial proceedings." MCL 691.1705(2). In addition, MCL 691.1705(3) provides:

> On request of a prevailing party to a contested judicial proceeding under section 22 [confirm award], 23 [vacate award], or 24 [modify or correct award], the court may add reasonable attorney fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award.

Neither provision appears to apply here, because the cost awarded, payment of the arbitrator's fee, is not a cost of the motion to confirm or the hearing thereon, nor is it an attorney fee or an expense of litigation. Payment of the arbitrator's fee is addressed by MCR 3.602(M), which governs the taxation of costs in a proceeding to confirm an arbitration award and provides:

> The costs of the proceedings may be taxed as in civil actions, and, *if provision for the fees and expenses of the arbitrator has not been made in the award*, the court may allow compensation for the arbitrator's services as it deems just. The arbitrator's compensation is a taxable cost in the action. [Emphasis added.]

To the extent the trial court ordered defendants to pay the additional arbitration fee pursuant to MCR 3.602(M), which provides that the court "may allow compensation for the arbitrator's services," its ruling should be reviewed for an abuse of discretion.[2]

---

[2] The rules of statutory construction apply to the interpretation of court rules, *Plymouth v McIntosh*, 291 Mich App 152, 156; 804 NW2d 859 (2010), and the word "may" "is permissive

In this case, neither the original award nor the amended award specifically addressed the arbitrators' fees, although the original award provided that it "includes all statutory, RJA, and contractual interest, costs, penalties and attorney fees." The parties addressed the issue of payment in their arbitration agreement, which provides that each side is to pay its selected arbitrator and both sides are to pay one half of the neutral arbitrator's fees. However, in *Martin v Auto Club Ins Ass'n*, 204 Mich App 138, 140-141; 514 NW2d 197 (1994), this Court held that even though the parties' arbitration agreement contained a similar provision regarding the payment of arbitration fees, the trial court "could properly tax the [arbitrators'] compensation as costs pursuant to MCR 3.602(M)" because the award itself did not address payment of the arbitrators' fees. According to the court rule, the arbitrators' fees are an element of costs that may be taxed by the court if, as here, the arbitrators themselves have not addressed it in their award. According to *Martin*, this holds true even if the parties have specified otherwise in their agreement to arbitrate. In light of *Martin*, it cannot be said that the trial court abused its discretion when it ordered defendants to pay the additional arbitration fee.

Affirmed.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron

---

and therefore indicative of discretion," *People v Gubachy*, 272 Mich App 706, 712; 728 NW2d 791 (2006).