PEOPLE v CABAN

Docket No. 264150. Submitted December 6, 2006, at Detroit. Decided May 3, 2007, at 9:05 a.m.

Luis Caban was charged in the 36th District Court with larceny by false pretenses over $20,000, MCL 750.218(5)(a), for accepting a down payment on a house from a couple to whom he falsely represented that he had the authority to sell the house. At the preliminary examination, the district court, Deborah Ross Adams, J., dismissed the charge without prejudice for failure to establish probable cause after excluding as hearsay a statement by the house's true owner that the defendant did not have permission to sell the house. The prosecution appealed to the Wayne Circuit Court, Sean F. Cox, J., which affirmed the dismissal. The Court of Appeals initially denied the prosecutor's application for leave to appeal, but the Supreme Court remanded the case for consideration as on leave granted. 473 Mich 886 (2005).

The Court of Appeals *held*:

The challenged statement was admissible under MRE 1101(b)(8), which allows hearsay to be admitted in preliminary examinations in criminal cases to prove the ownership of property.

Reversed.

EVIDENCE — HEARSAY — PRELIMINARY EXAMINATIONS — PROPERTY OWNERSHIP.

Hearsay is admissible in preliminary examinations in criminal cases to prove the ownership of property (MRE 1101[b][8]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Jon P. Wojtala*, Assistant Prosecuting Attorney, for the people.

*Law Offices of Fischer, Garon, Hoyumpa & Rancilio* (by *Daniel N. Garon*) for the defendant.

Before: JANSEN, P.J., and SAWYER and BANDSTRA, JJ.

SAWYER, J. The question presented in this case is whether a hearsay statement regarding the defendant's authority to sell a parcel of real estate is admissible at a preliminary examination under MRE 1101(b)(8). We conclude that the statement is admissible because it concerned who had an ownership interest in the property, which is one of the purposes allowed under the rule of evidence.

The charge against defendant arises from an allegedly fraudulent sale of real estate in the city of Detroit to Yelitza Acevedo and her husband. The victims discovered a house for sale, called the number on the sign, and spoke with defendant. Defendant represented that he was a co-owner of the house, along with his uncle, Victor Saavedra. He further represented that he had the authority to sell the house and that he was offering it for $135,000, a price below market value. Tenants in the house permitted defendant to show the house to the victims. Saavedra was not present during the viewing. The victims decided to purchase the house, paying defendant $20,000 and executing a land contract for the remainder. Defendant informed the victims that it might be a couple months before the tenants moved out and the victims could move in.

Thereafter, Yelitza Acevedo saw a different "For Sale" sign in front of the house with a different telephone number. Upon calling that number, she reached someone other than defendant, a man named Aturo, who advised her that he was selling the house on behalf of his uncle, Saavedra. When she informed Aturo that she had already purchased the house from defendant, Aturo told her that he did not know defendant. Aturo later told Acevedo that he had spoken with Saavedra

and that Saavedra did not know defendant either. Acevedo met with Aturo at the house that evening, during which meeting he called Saavedra. Apparently, during this call, Acevedo also spoke with Saavedra, who told her that defendant did not have permission to sell the house.

It is that statement by Saavedra to Acevedo that is the issue on appeal. Defendant was charged with larceny by false pretenses over $20,000.[1] When Acevedo was asked at the preliminary examination whether Saavedra had told her that defendant had permission to sell the house, defendant objected and the trial court upheld the objection. Because Saavedra was not available to testify and the district court would not adjourn the preliminary examination for more than two days, the charges were dismissed without prejudice. The prosecutor appealed to the circuit court, which affirmed. We initially denied leave to appeal, but the Supreme Court remanded the matter to us for consideration as on leave granted.[2] We now reverse.

Because the prosecution was offering Saavedra's out-of-court statement to prove the truth of the matter asserted, it was hearsay.[3] The prosecutor argues, however, that it is admissible under MRE 1101(b)(8), which provides: "At preliminary examinations in criminal cases, hearsay is admissible to prove, with regard to property, the ownership, authority to use, value, possession and entry." The prosecutor argues that Saavedra's statement would show that defendant was not a joint owner of the property and that he had no authority to sell it. On the second point, the prosecutor argues that "use" of property includes attempting to profit from it

---

[1] MCL 750.218(5)(a).

[2] *People v Caban*, 473 Mich 886 (2005).

[3] MRE 801(c).

by selling it. Therefore, Saavedra's statement that defendant did not have authority to sell the property was the same as saying that defendant did not have the authority to use it.

The meaning of a rule of evidence is a question of law to be reviewed de novo.[4] The principles of statutory interpretation apply to the interpretation of court rules.[5] Where the language is clear and unambiguous, judicial construction is not permitted.[6] Where terms are undefined, we may consult the dictionary to discern their meaning.[7]

The term "ownership" is undefined in the rules of evidence, but dictionaries commonly define "ownership" to include the right to convey property to others.[8] Therefore, any statement by Saavedra with respect to defendant's right to convey the property, as well as any statement whether defendant was a joint owner of the property or if Saavedra solely owned the property himself, would be a statement regarding ownership. Therefore, Saavedra's statement was admissible under MRE 1101(b)(8).

We reverse the circuit court's order affirming the district court's dismissal of the charges against defendant and remand the matter to the district court for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[4] *People v Ackerman*, 257 Mich App 434, 442; 669 NW2d 818 (2003).

[5] *Hinkle v Wayne Co Clerk*, 467 Mich 337, 340; 654 NW2d 315 (2002).

[6] *Id.*

[7] *People v Schultz*, 246 Mich App 695, 703; 635 NW2d 491 (2001).

[8] See *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 537-538; 676 NW2d 616 (2004) (opinion of CAVANAGH, J.).