# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

               Plaintiff-Appellee,

v

RUBEN JOSEPH RODRIGUEZ,

               Defendant-Appellant.

UNPUBLISHED
October 21, 2014

No. 315216
Alger Circuit Court
LC No. 2012-001998-FC

Before: MURPHY, C.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM.

Following a jury trial, defendant was found guilty of: first-degree home invasion, MCL 750.110a(2), and conspiracy to commit first-degree home invasion, MCL 750.110a(2) and MCL 750.157a; unlawful imprisonment, MCL 750.349b, and conspiracy to commit unlawful imprisonment, MCL 750.3496 and MCL 750.157a; armed robbery, MCL 750.529, and conspiracy to commit armed robbery, MCL 750.529 and MCL 750.157a; felonious assault, MCL 750.82, and conspiracy to commit felonious assault, MCL 750.82 and MCL 751.157a, intentional discharge of a firearm at a dwelling or occupied structure, MCL 750.234b; possession of a firearm by a felon (felon-in-possession), MCL 750.244f; and five counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced as a second habitual offender, MCL 769.10, to 10 to 30 years' imprisonment for the home invasion and conspiracy to commit home invasion convictions, 7 to 22 years' imprisonment for the unlawful imprisonment and conspiracy to commit unlawful imprisonment convictions, 16 to 40 years' imprisonment for the armed robbery and conspiracy to commit armed robbery convictions, 18 months' to 6 years' imprisonment for the felonious assault and conspiracy to commit felonious assault convictions, 18 months' to 6 years' imprisonment for the intentional discharge of a firearm at a dwelling or occupied structure conviction, and 2 years' imprisonment for each felony-firearm conviction, to be served concurrently with each other and consecutive to the predicate convictions. Defendant appeals as of right. We affirm defendant's convictions but remand for the trial court to make findings on OV 8 and OV 10.

## I. FACTS

The victim, Daniel Frandson, testified that in February 2012, as he was having his coffee and talking on the phone to a cousin, he spotted three men wearing black and white fatigues in his backyard sprinting toward the house. Frandson held closed a sliding door at the back of the

-1-

house so that the men could not enter. One of the men hit the door with a bat, but it did not break. A second man with a gun pointed it at Frandson and told him "to open the door or he's going to kill" him. Frandson was still on the phone with his cousin and told him to summon the police. There was an exchange of words between Frandson and the armed man, after which the man pointed the gun "just off [Frandson's] shoulder" and fired a shot that broke the glass. The man with the bat entered and twice hit Frandson in the head with it. The other two men, both armed with a gun, then entered the house.

After the men entered, Frandson was further threatened with the weapons. He testified that the men also asked "all types of stuff. Where's the money? Where's the drugs? Where's this? Where's that? . . . Where are your buddies? When are they coming back?" He testified, "I told them there's no money and drugs." Under threat, Frandson called his cousin back and told him he was not being robbed and that his roommates had pulled a prank. Thereafter, Frandson's hands were bound behind his back.

At one point, Frandson spotted a utility worker in his backyard. The utility worker testified that he could see Frandson, bound and looking erratic, and knew that something was wrong. One of the perpetrators also spotted the utility worker. At one point, one of the men said to Frandson, "Six months we've been looking at you. . . . [T]here's five of us in on this. This shit wasn't cheap. . . . [Y]ou got to make this happen." Frandson later heard the men collecting things throughout the house before they left. Throughout the robbery, Frandson was beaten and threatened with death.

## II. RECORDED PHONE CALLS

At trial, defendant argued that he committed the offenses under duress because codefendant Israel Velez[1] threatened to harm his family if he did not participate. To refute this assertion, the prosecutor introduced recordings of phone calls Velez made from jail after he was arrested in connection with this case. In the calls, Velez is emotional and distraught, at one point saying that he is contemplating suicide. He also refers to a former girlfriend, telling his mother in one phone call that his former girlfriend "better be by [his] side too. She sent [him] to do this goof ass shit." The prosecutor argued that the recordings show that Velez was a weak person who could not have coerced defendant.

Defendant argues that the recordings were inadmissible evidence of character, and that to the extent that defendant's trial counsel failed to object on this ground, he was ineffective. Defendant's trial counsel indeed did not object on this ground and consequently this issue is unpreserved. *People v Bulmer*, 256 Mich App 33, 35; 662 NW2d 117 (2003). Unpreserved issues are reviewed for plain error. *People v Vaughn*, 491 Mich 642, 654; 821 NW2d 288 (2012). Under the plain error standard of review,

---

[1] Velez pleaded guilty to the charges brought against him. We denied his delayed application for leave to appeal. *People v Velez*, unpublished order of the Court of Appeals, entered November 20, 2013 (Docket No. 315209).

a defendant is not entitled to relief unless he can establish (1) that the error occurred, (2) that the error was "plain," (3) that the error affected substantial rights, and (4) that the error either resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings. [*Id*.]

Defendant does not dispute that the recordings were admissible as statements against interest under MRE 804(b)(3). However, he argues that they should have been excluded because they were used to show Velez's character, which is impermissible under MRE 404. Although defendant refers to MRE 404(a), it appears he is arguing consistent with MRE 404(b). That rule provides in pertinent part as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

The rules of evidence are interpreted using the same principles used to interpret statutory language. *People v Caban*, 275 Mich App 419, 422; 738 NW2d 297 (2007). Accordingly, "[i]f the plain and ordinary meaning of the language is clear, judicial construction is normally neither permitted nor necessary." *People v Bell*, 276 Mich App 342, 345; 741 NW2d 57 (2007) (internal quotation marks and citation omitted; alteration added).

Here, the recordings were not admitted to prove that Velez was a weak person and acted as a weak person on a certain occasion, but rather to disprove defendant's assertion that Velez was imposing and coercive and forced him to commit the home invasion. Stated differently, the recorded phone calls were not evidence of character used to prove action in conformity therewith, but evidence of character to refute action in deviation therefrom. This is not prohibited under the language of the rule, and defendant provides no authority or argument to the contrary.

Further, because defendant has not established that the recordings were inadmissible under MRE 404, he likewise cannot show that his counsel performed deficiently by failing to object. *People v Moorer*, 262 Mich App 64, 76; 683 NW2d 736 (2004) ("Counsel is not required to raise meritless or futile objections . . . .").

### III. SENTENCING

Defendant next argues that offense variables (OVs) 1, 8, 10, and 13 were erroneously scored. In reviewing a trial court's sentencing decisions:

> [F]actual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the

facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [*People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).]

## A. OV 1

MCL 777.31(1)(a) provides that 25 points must be assessed for OV 1 where "[a] firearm was discharged at or toward a human being." At sentencing, the prosecutor argued, "My position is that the—the phrase at or toward, obviously since they gave us two options, they mean different things. My position is that the former connotes intent and the latter recklessness, and that the discharge in question was sufficiently towards a human being to be scorable." The trial court agreed, stating, "[I]t's not at and toward, it's at or toward." It stated that it was "satisfied that the incident in question, based on the testimony, is certainly sufficient to find that this weapon was discharged toward an individual."

The trial court's determination that defendant fired his gun *toward* Frandson was not clearly erroneous. *Random House Webster's College Dictionary* (2001) provides several definitions for "toward." As is pertinent in this case, it is defined as "in the direction of" or "in the area or vicinity of; near." Frandson testified that there was a struggle at the sliding glass door and that he was holding it closed. He testified that defendant then pointed his gun "just off [his] shoulder" and fired a shot at the door. Under either definition, defendant fired his gun toward Frandson.

## B. OV 8

MCL 777.38(1)(a) provides that 15 points must be assessed for OV 8 where "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." Defendant argues that the evidence did not support a finding of "asportation." The trial court did not make a specific factual determination with respect to OV 8, as no objection was raised. However, this Court, while denying defendant's motion to remand to address OV 8, stated that the challenge was to be deemed as being preserved. *People v Rodriguez*, unpublished order of the Court of Appeals, entered January 23, 2013 (Docket No. 315216). Given that the trial court did not have an opportunity to determine the "asportation" dispute relative to OV 8 and that, as discussed *infra*, we find it necessary to remand regarding OV 10, the most appropriate course of action is to remand for the trial court to examine whether a preponderance of the evidence supported the scoring of OV 8.

## C. OV 10

MCL 777.40(1)(a) provides that 15 points must be assessed for OV 10 where "[p]redatory conduct was involved." "Predatory conduct" is defined as "preoffense conduct directed at a victim for the primary purpose of victimization." MCL 777.40(3)(a). " 'Victimize' is defined as 'to make a victim of,' " *People v Cannon*, 481 Mich 152, 161; 749 NW2d 257 (2008) (citation omitted), and "as a person who suffers from a destructive or injurious action," *People v Huston*, 489 Mich 451, 463; 802 NW2d 261 (2011) (internal quotation marks and citations omitted; alteration added). "Therefore, predatory conduct under the statute is behavior

that is predatory in nature, precedes the offense, [and is] directed at a person for the primary purpose of causing that person to suffer from an injurious action . . . ." *Id*. (internal quotation marks and citation omitted; alteration by *Huston*). However, predatory conduct does not encompass "*any* preoffense conduct, but rather only those forms of preoffense conduct that are commonly understood as being predatory in nature . . . as opposed to purely opportunistic criminal conduct or preoffense conduct involving nothing more than run-of-the-mill planning to effect a crime or subsequent escape without detection." *Id*. at 462 (internal quotation marks and citation omitted; emphasis by *Huston*).

It appears that the trial court addressed the scoring of this OV in another case on the same day that defendant was sentenced. The court stated:

> The Court, consistent with its previous ruling on this particular point, found that all parties acted in concert in this regard, and that certainly the elements that are a part of what needs to be considered under O.V. 10 have been met in this Court's opinion in that certainly Mr. Frandson was susceptible to what was perpetrated here in such a fashion that O.V. 10 is scored appropriately.

Plaintiff argues that predatory conduct was involved because defendant and two others waited outside Frandson's house for his roommates to leave, i.e., they acted in concert. While such conduct arguably qualifies as predatory, it is unclear whether this is what the trial court relied on. As with OV 8, we remand to the trial court to further articulate its reasons for assessing 15 points under OV 10. *Hardy*, 494 Mich at 438.

### D. OV 13

MCL 777.43(1)(c) provides that 25 points may be assessed for OV 13 if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(2)(a) directs, "For determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction."

Defendant does not dispute that at least three of his convictions are classified as crimes against a person.[2] However, he argues that because they arose from one incident, they cannot constitute a pattern of criminal activity. This argument is contrary to settled caselaw of this Court. "[M]ultiple concurrent offenses arising from the same incident are properly used in scoring OV 13 . . . ." *People v Gibbs*, 299 Mich App 473, 488; 830 NW2d 821 (2013).[3]

---

[2] First-degree home invasion is designated as a crime against a person under MCL 777.16f. Unlawful imprisonment is designated as a crime against a person under MCL 777.16q. Armed robbery is designated as a crime against a person under MCL 777.16y. Felonious assault is designated as a crime against a person under MCL 777.16d.

[3] Although not in his statement of questions presented, defendant also argues that his sentencing violated the rule of *Alleyne v United States*, ___ US ___; 133 S Ct 2151; 186 L Ed 2d 314

We affirm defendant's convictions but remand to the trial court to state its findings regarding OV 8 and OV 10. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Michael J. Kelly

---

(2013). Defendant acknowledges that this Court rejected that argument in *People v Herron*, 303 Mich App 392; 845 NW2d 533 (2013), app held in abeyance 846 NW2d 924 (2014), and that this Court is bound to follow *Herron*.