*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ABIGAIL HILLS,

      Plaintiff-Appellee,

v

STEPHEN JOHN POST,

      Defendant-Appellant.

UNPUBLISHED
November 26, 2019

No. 345038
Midland Circuit Court
LC No. 15-003033-NI

Before: TUKEL, P.J., and SAWYER and RIORDAN, JJ.

PER CURIAM.

In this automobile negligence case, following a jury trial, the circuit court entered a judgment awarding $180,000 plus costs to plaintiff. Prior to trial, the circuit court denied defendant's motions to quash service, set aside an order for alternate service, and dismiss the case on the ground that service by publication was insufficient and failed to give him notice of the suit. Because we conclude that service by publication was improper, we vacate the judgment, reverse the order denying defendant's pretrial motions, and remand for entry of summary disposition in favor of defendant.

## I. BACKGROUND

This case stems from a 2012 motor vehicle collision in which plaintiff, a minor at the time, was a passenger. At the time of the accident, defendant lived on East Ravenwood Drive in Midland, Michigan. Defendant moved several times in the following years, first to Nakoma Drive in Midland, then to several residences in Durham, North Carolina. Each time, he set up a forwarding address with the United States Postal Service and successfully received mail forwarded from his previous addresses.

Plaintiff, upon reaching age 18, filed suit on October 9, 2015, for her injuries and tried unsuccessfully to personally serve defendant at each of his Midland addresses. Between the two attempts, plaintiff conducted a LexisNexis Person search, which revealed defendant's previous and current addresses. Plaintiff did not investigate any of the North Carolina results. She also made no further attempts at personal service and never attempted to send the complaint by registered mail.

-1-

In November 2015, the circuit court granted plaintiff's motion for alternate service by publication after she argued that she could not accomplish service under the traditional court rules. The court entered a two-sentence order that specified only that service could be published in the Midland Daily News for five consecutive days. From November 21 through November 25, 2015, the Midland Daily News published a longer notice drafted by plaintiff. Plaintiff did not mail a copy of the order or notice to defendant. On December 20, 2015, the statutory limitations period on her claim expired. She did not renew the summons when it expired on January 8, 2016. On January 18, 2016, plaintiff moved for an entry of default, which was granted and published in the Midland Daily News. Proof of the default was mailed to defendant at his last known address in Michigan and was forwarded to him in North Carolina three days later. The circuit court set aside the default, but denied defendant's motions to set aside the order for alternate service, quash service, and dismiss the case. The court held that service was proper because plaintiff had acted in apparent compliance with the Michigan Court Rules, her prior attempts at service had failed, and she timely moved for alternate service. Plaintiff was awarded $180,000 plus costs in a subsequent jury trial.

## II. STANDARDS OF REVIEW

We review for abuse of discretion a trial court's decision to grant or deny a motion for substituted service under MCR 2.105(I). *Bullington v Corbell*, 293 Mich App 549, 560; 809 NW2d 657 (2011). A court abuses its discretion when it reaches a result that falls "outside the range of principled outcomes." *C D Barnes Assoc, Inc v Star Heaven, LLC*, 300 Mich App 389, 422; 834 NW2d 878 (2013). We review de novo issues concerning a trial court's interpretation and application of court rules, *Bullington*, 293 Mich App at 554, and a trial court's decision to grant or deny summary disposition, *Gilliam v Hi-Temp Prod, Inc*, 260 Mich App 98, 108; 677 NW2d 856 (2003). We also review de novo whether a claim is barred by an applicable statute of limitations. *Scherer v Hellstrom*, 270 Mich App 458, 461; 716 NW2d 307 (2006).

## III. ANALYSIS

For a court to acquire jurisdiction over a defendant without violating due process, the defendant must be properly served with notice of the claim against him or her. MCR 2.105(J)(1). The Michigan Court Rules mandate that process may be served on an individual personally or by mail. See MCR 2.105(A); MCR 2.105(B)(1)(b). However, "[o]n a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." MCR 2.105(I)(1). MCR 2.106 allows service by publishing notice in a local newspaper for three consecutive weeks. However, any means of service must be more than a mere gesture, and must be reasonably calculated to provide actual notice. *Mullane v Central Hanover Bank & Trust Co*, 339 US 306, 315; 70 S Ct 652; 94 L Ed 865 (1950).

In this case, plaintiff failed to demonstrate that alternate service was necessary, both plaintiff and the circuit court did not observe the requirements of the court rules concerning service by publication, and the service was not reasonably calculated to inform defendant of the litigation. Therefore, the circuit court abused its discretion in granting service by publication.

## A. PLAINTIFF FAILED TO MEET BURDEN FOR SERVICE BY PUBLICATION

MCR 2.105(I)(1) provides that a court may permit alternate service only "[o]n a showing that service of process cannot reasonably be made" by traditional means. While a party is not strictly required to exhaust every means of service listed in MCR 2.105, he or she must demonstrate a significant effort in attempting service before a court will allow alternate service. In this case, plaintiff made only a minimal effort. Unlike in *Krueger v Williams*, 410 Mich 144, 153-154; 300 NW2d 910 (1981), in which the plaintiff made a myriad of attempts at service, including hiring an investigator and serving the Secretary of State, in this case, plaintiff made only two attempts at personal service. Plaintiff did nothing to confirm or deny defendant's possible addresses; nor did she attempt to send defendant notice by registered or certified mail. Instead, plaintiff summarily represented that she had exhausted reasonable avenues after two attempts at personal service. Because she failed to demonstrate that she could not reasonably serve process under MCR 2.105, the circuit court abused its discretion by granting the motion for service by publication.

## B. THE CIRCUIT COURT'S ORDER FAILED TO COMPLY WITH MCR 2.106

The circuit court also failed to observe the requirements of MCR 2.106 in ordering notice by publication. When a rule's "language is clear and unambiguous," there is no need for further judicial construction. *People v Caban*, 275 Mich App 419, 421; 738 NW2d 297 (2007). The plain language of MCR 2.106 provides, in relevant part:

> (B) Procedure. A request for an order permitting service under this rule shall be made by motion in the manner provided in MCR 2.105(I). In ruling on the motion, the court shall determine whether mailing is required under subrules (D)(2) or (E)(2).

> (C) Notice of Action; Contents.

> (1) The order directing that notice be given to a defendant under this rule must include

> (a) the name of the court,

> (b) the names of the parties,

> (c) a statement describing the nature of the proceedings,

> (d) directions as to where and when to answer or take other action permitted by law or court rule, and

> (e) a statement as to the effect of failure to answer or take other action.

* * *

(D) Publication of Order; Mailing. If the court orders notice by publication, the defendant shall be notified of the action by

(1) publishing a copy of the order once each week for 3 consecutive weeks, or for such further time as the court may require, in a newspaper in the county where the defendant resides, if known, and if not, in the county where the action is pending; and

(2) sending a copy of the order to the defendant at his or her last known address by registered mail, return receipt requested, before the date of the last publication. If the plaintiff does not know the present or last known address of the defendant, and cannot ascertain it after diligent inquiry, mailing a copy of the order is not required. The moving party is responsible for arranging for the mailing and proof of mailing.

The circuit court did not comply with the unambiguous requirements of MCR 2.106.

First, MCR 2.106(B) requires a court to decide whether notice must be mailed to a defendant's last known address in addition to publication. Here, the court did not specify if mailing was required, which would have given defendant actual notice in a matter of days. Second, the two-sentence order issued by the court did not meet the content requirements of MCR 2.106(C). The order did not list party names, explain the nature of the proceedings, or inform the reader of the next steps and consequences of failing to respond. The notice that was actually published in the Midland Daily News had the correct contents, but was entirely new text created by plaintiff. This did not comply with the plain language of MCR 2.106(D)(1), which requires "publishing a copy of the *order*" (emphasis added), not language redrafted by the plaintiff. Finally, the order did not comply with the publication requirement of MCR 2.106(D)(1), which specifies that the notice must be published "once each week for 3 consecutive weeks," unless the court orders that it be published for a longer period. Because the notice was published for only five days, service by publication was insufficient in this case.

## C. NOTICE WAS NOT REASONABLY CALCULATED TO REACH DEFENDANT

Service by publication was constitutionally deficient in this case. See *Krueger*, 410 Mich at 166. MCR 2.105(I) requires that any alternate service must be "reasonably calculated to give defendant actual notice of the proceedings and an opportunity to be heard." Plaintiff sought notice by publication after only two failed attempts at personal service, notwithstanding that defendant's current address was ascertainable through the LexisNexis search or mail forwarding. Even though MCR 2.106(D)(1) allows publication in the county in which the action is pending if the defendant's address is unknown, plaintiff was on notice that defendant was not living in the state. Given that there were multiple other means "which were better calculated to give actual notice," *Krueger*, 410 Mich at 166, service by publication in this case was constitutionally insufficient and the circuit court abused its discretion in ordering it.

## D. THE STATUTORY LIMITATIONS PERIOD EXPIRED

Finally, because plaintiff never sufficiently served the summons or complaint, the claim is barred by the applicable statute of limitations. Under MCL 600.5856, a statute of limitations may be tolled:

> (a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules [; or]

> (b) At the time jurisdiction over the defendant is otherwise acquired.

In this case, the statutory limitations period expired on December 20, 2015, one year after plaintiff's 18th birthday. See MCL 600.5851(1). Had plaintiff properly served defendant, the statutory limitations period would have been tolled on October 9, 2015, when the complaint was filed. However, because defendant was never properly served, and the court never otherwise acquired jurisdiction over him, the limitations period expired. Summary disposition is appropriate under MCR 2.116(C)(7) when a plaintiff fails to bring his or her claim within the statutory limitations period. *Citizens Ins Co of America v Univ Physician Group*, 319 Mich App 642, 652; 902 NW2d 896 (2017). In this case, because plaintiff never effected service, she failed to properly file her claim before it expired on December 20, 2015. Therefore, the statute of limitations bars plaintiffs claim and defendant is entitled to summary disposition.

## IV. CONCLUSION

We vacate the judgment in plaintiff's favor and reverse the trial court's November 29, 2016 order to the extent it denied defendant's pretrial motions. We remand for entry of summary disposition in defendant's favor. We do not retain jurisdiction.

/s/ Jonathan Tukel
/s/ David H. Sawyer
/s/ Michael J. Riordan