MARTIN v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 148303. Submitted December 20, 1993, at Lansing. Decided March 8, 1994, at 9:25 A.M. Leave to appeal sought.

Ceabon Martin sought uninsured motorist coverage from his insurer, Auto Club Insurance Association, after he was injured in an accident with an uninsured motorist. The parties disputed the amount of damages to which Martin was entitled, and the dispute was submitted to arbitration, as provided in the policy. An arbitration award of $20,000 was granted to Martin. Martin then filed a motion in the Saginaw Circuit Court for confirmation of the arbitration award, entry of a judgment thereon, and the taxation of costs, including a claim of $525 for arbitration fees. The court, Lynda L. Heathscott, J., entered an order confirming the arbitration award, entered a judgment consistent with the arbitration award, and issued an opinion and order granting Martin's motion to tax costs, including the arbitration fees. Auto Club appealed, noting that the arbitration provision of the policy unambiguously provided that each party was to bear its own costs of arbitration.

The Court of Appeals *held:*

1. The arbitration at issue in this case was a statutory arbitration governed by MCR 3.602. The circuit court properly could tax the arbitrators' compensation as costs pursuant to MCR 3.602(M) because provision for the arbitrators' compensation was not made in the arbitration award.

2. Martin was not limited to the recovery of only those costs incurred after he filed the motion in the circuit court.

Affirmed.

ARBITRATION — STATUTORY ARBITRATION — PROCEEDINGS TO CONFIRM AWARD — COSTS.

The costs of a proceeding to confirm a statutory arbitration award may be taxed as in civil actions; if provision for the fees and expenses of the arbitrators has not been made in the arbitration award, the court may allow compensation for the arbitrators' services as it deems just, even where the parties'

REFERENCES

Am Jur 2d, Arbitration and Award § 139.
See ALR Index under Arbitration and Award.

insurance policy provides that each party is to bear its own costs of arbitration; the arbitrators' compensation is a taxable cost in the action (MCR 3.602[M]).

*Trogan & Trogan, P.C.* (by *Nicholas R. Trogan, III*), for the plaintiff.

*Collison & Collison, P.C.* (by *Joseph T. Collison* and *Patrick K. Collison*) (*Gross & Nemeth,* by *James G. Gross,* of Counsel).

Before: SHEPHERD, P.J., and McDONALD and JANSEN, JJ.

PER CURIAM. Defendant appeals as of right from a December 30, 1991, order directing defendant to pay costs to plaintiff. We affirm.

This case arises as a result of defendant's failure to satisfy an arbitration award in favor of plaintiff. The facts are not in dispute. Plaintiff was injured in an accident with an uninsured motorist. Plaintiff was insured by defendant under a policy providing for uninsured motorist coverage in the amount of $20,000. Because defendant disputed the amount of damages to which plaintiff was entitled and the insurance policy provided that such disputes be submitted to arbitration, an arbitration hearing was held. An arbitration award of $20,000 was granted in favor of plaintiff.

After defendant failed to make payment on the arbitration award, plaintiff moved for confirmation of the arbitration award and entry of a judgment on the award in the circuit court. Plaintiff also moved to tax costs, including a claim of $525 for arbitration fees. The court entered an order confirming the arbitration award and entered a judgment consistent with the award. The court also issued an opinion and order granting plaintiff's motion to tax costs.

On appeal, defendant claims the imposition of arbitration costs in addition to court costs was improper because the arbitration provision of the insurance policy unambiguously provided each party was to bear its own costs of arbitration. The arbitration provision contained in the insurance policy states:

> If arbitration occurs, we and the insured person will each select an arbitrator. The two arbitrators will select a third. If they cannot agree upon the third arbitrator within 30 days, they may petition the Circuit Court for appointment of the third. The insured person(s) will pay their arbitrator. We will pay ours. The expenses of the third arbitrator and other expenses will be shared equally.

However, MCR 3.602 governs statutory arbitration. Defendant does not dispute that the arbitration at issue was a statutory arbitration. MCR 3.602(I) provides for confirmation of an arbitration award. It states:

> An arbitration award filed with the clerk of the court designated in the agreement or statute within one year after the award was rendered may be confirmed by the court, unless it is vacated, corrected, or modified, or a decision is postponed, as provided in this rule.

Subrule M of MCR 3.602 governs the taxation of costs in a proceeding to confirm an arbitration award. It provides:

> The costs of the proceedings may be taxed as in civil actions, and, if provision for the fees and expenses of the arbitrator has not been made in the award, the court may allow compensation for the arbitrator's services as it deems just. The arbitrator's compensation is a taxable cost in the action.

Provision for the arbitrators' compensation was not made in the instant arbitration award. Thus, the court could properly tax the compensation as costs pursuant to MCR 3.602(M).

Defendant's claim that plaintiff is limited to recovery of only those costs incurred after filing the motion in circuit court is clearly without merit. MCR 3.602(M); *Moultrie v DAIIE,* 123 Mich App 403; 333 NW2d 298 (1983).

Affirmed.