DOHANYOS v DETREX CORPORATION (AFTER REMAND)

Docket Nos. 172651, 176203. Submitted March 12, 1996, at Detroit. Decided June 11, 1996, at 9:15 A.M.

John Dohanyos, as personal representative of the estate of Aaron Dohanyos, brought an action in the Wayne Circuit Court against Detrex Corporation and others, alleging wrongful death of the decedent resulting from failure by Detrex to warn of the toxicity of a Detrex solvent used by the decedent. The parties submitted their dispute to binding arbitration under an agreement that empowered the arbitrators to determine issues of tort liability and allowable damages under the wrongful death statute and that provided that any arbitration award would include all interest, costs, attorney fees, and sanctions and that each party would pay the cost of its arbitrator and share the cost of the neutral arbitrator. The arbitration panel awarded damages to the plaintiff, and the court, James E. Mies, J., confirmed the award. Detrex appealed. The plaintiff moved for a remand to allow him to move in the trial court for amendment of the judgment for an award of costs to the plaintiff. The Court of Appeals granted the motion for remand, and the trial court, Jeanne Stempien, J., amended the judgment to award costs to the plaintiff. Detrex appealed the award of costs. This appeal and the prior appeal were consolidated.

After remand, the Court of Appeals *held*:

1. Arbitrators derive their authority from the parties' arbitration agreement and are bound to act within the terms of the arbitration agreement. A court, in reviewing an arbitration award, determines whether the arbitrators have exceeded their powers by acting beyond the material terms of the arbitration agreement or in contravention of the controlling principles of law. In this case, the arbitration agreement clearly empowered the arbitrators to decide the issue of liability under the wrongful death statute and no error of law by the arbitration panel is evident. The trial court therefore did not err in confirming the arbitration award.

2. The trial court erred in awarding costs to the plaintiff. The arbitration agreement clearly provided that any arbitration award would include costs. MCR 3.602(M), which allows a court to make an award for the cost of an arbitrator's services if provisions for

compensation are not made in the arbitration agreement, does not apply in this case.

Affirmed in part and reversed in part.

ARBITRATION — STATUTORY ARBITRATION — POWERS OF ARBITRATORS.

Arbitrators involved in statutory arbitration derive their powers from the contract providing for arbitration and are bound to act within its terms; they are also bound by the principles of law that govern the issues in dispute, and they exceed their powers when they act beyond the material terms of the contract or in contravention of the controlling principles of law (MCL 600.5001 *et seq.*; MSA 27A.5001 *et seq.*).

*MacAloon & Feldman* (by *Donald MacAloon*) and *Bendure & Thomas* (by *Mark R. Bendure*), of Counsel, for the plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Thomas R. Bowen* and *Evelyn C. Knauerhase*), for the defendant.

AFTER REMAND

Before: JANSEN, P.J., and HOEKSTRA and D. L. MORRIS,* JJ.

JANSEN, P.J. In these consolidated appeals, defendant appeals as of right in Docket No. 172651 from a December 17, 1993, order of the Wayne Circuit Court confirming an arbitration award in the amount of $240,000 in plaintiff's favor and in Docket No. 176203 from a May 17, 1994, amended judgment granting plaintiff costs in the amount of $12,803.05. We affirm in No. 172651 and reverse in No. 176203.

Plaintiff's decedent, Aaron Dohanyos, a nineteen-year-old laborer, died on July 2, 1990, at a Phoenix Metals, Inc., manufacturing plant while repairing a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

conveyor made by Livonia Magnetics, Inc., and owned by Phoenix Metals, Inc. In repairing the machine, plaintiff's decedent used a degreasing solvent. Plaintiff's decedent was overcome by fumes from the solvent and died of acute trichloroethane inhalation poisoning. The solvent (Perm-Ethane) was manufactured by defendant.

On August 14, 1991, plaintiff, the decedent's father, filed suit in the Wayne Circuit Court against defendant (and others not relevant to this appeal) claiming damages for wrongful death under a theory of negligent failure to warn of the dangers of the solvent. Thereafter, the parties agreed to resolve their dispute through binding arbitration, and an arbitration agreement was executed. Plaintiff's suit in the circuit court was accordingly dismissed and the case proceeded to arbitration. A three-member panel consisting of attorneys issued their award of $240,000 in plaintiff's favor on November 19, 1993.

On December 14, 1993, defendant filed a motion to vacate the arbitration award. On December 17, 1993, the circuit court denied defendant's motion and entered judgment in plaintiff's favor in the amount of the arbitration award. Defendant then filed a motion for reconsideration, which was also denied. Defendant appealed as of right. This Court remanded the matter to allow plaintiff to move for amendment of the judgment. An amended order of judgment was entered on May 17, 1994, which awarded plaintiff taxable costs under MCR 3.602(M).

On appeal, defendant argues that the circuit court abused its discretion in denying defendant's motion for rehearing because a recently published decision of this Court rendered the arbitration decision legally

incorrect. Defendant also contends that the arbitration award should have been vacated because the arbitrators exceeded their authority by failing to find that defendant's warnings were adequate as a matter of law. Finally, defendant argues that the circuit court erred in amending the judgment to include taxable costs. Plaintiff, on the other hand, argues that because defendant agreed to final and binding arbitration, it cannot now challenge the arbitrators' decision.

DOCKET NO. 172651

This case concerns the scope of judicial review of an arbitration award. The arbitration agreement in this case specifically states:

> All decisions of the arbitration panel shall be final and binding on the parties when a majority of the arbitrators agree and the arbitration award, if any, shall be deemed to include all interest, costs, attorney fees and sanctions, and shall be enforceable under [MCL 600.5001 *et seq.;* MSA 27A.5001 *et seq.*].

Therefore, by the terms of the arbitration agreement, the arbitration in this case falls within the definition of statutory arbitration and is governed by MCL 600.5001 *et seq.;* MSA 27A.5001 *et seq. Gordon Sel-Way, Inc v Spence Bros, Inc,* 438 Mich 488, 495; 475 NW2d 704 (1991).

Statutory arbitration is to be conducted in accordance with the rules of the Michigan Supreme Court. MCL 600.5021; MSA 27A.5021. An arbitration award may be confirmed, modified, corrected, or vacated. The court's power to modify, correct, or vacate an arbitration award is limited by court rule. An arbitration award may be vacated if (1) the award was procured by corruption, fraud, or other undue means; (2)

there was evident partiality by an arbitrator, corruption by an arbitrator, or misconduct prejudicing a party's rights; (3) the arbitrator exceeded granted powers; or (4) the arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights. MCR 3.602(J)(1).

An arbitration award may also be modified or corrected, but, like vacation of the award, only in a limited manner. An arbitration award may be modified or corrected if (1) there is evident miscalculation of figures or an evident mistake in the description of a person, a thing, or property referred to in the award; (2) the arbitrator has made an award with regard to a matter not submitted for arbitration and the award may be corrected without affecting the merits of the decision regarding the issues submitted; or (3) the award is imperfect in a matter of form, but the imperfection does not affect the merits of the controversy. MCR 3.602(K)(1).

Defendant contends that the circuit court erred in not vacating the arbitration award because the arbitrators exceeded their powers. MCR 3.602(J)(1)(c). The appropriate standard of review for determining whether arbitrators have exceeded the scope of their authority was set forth in *DAIIE v Gavin*, 416 Mich 407; 331 NW2d 418 (1982), and more recently in *Gordon Sel-Way, supra*. In *Gavin, supra*, pp 428-429, the Supreme Court stated that a reviewing court's ability to review an award is restricted to cases in which an error of law appears from the face of the award, or the terms of the contract of submission, or such documentation as the parties agree will consti-

tute the record. Therefore, arbitrators have exceeded their powers whenever they act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law. *Id.*, p 434; *Gordon Sel-Way, supra*, p 496. This is because arbitrators derive their authority from the parties' contract and arbitration agreement and they are bound to act within those terms. *Id.*

Where it clearly appears on the face of the award or in the reasons for the decision, being substantially a part of the award, that the arbitrators through an error of law have been led to a wrong conclusion and that, but for such error, a substantially different award must have been made, the award and decision will be set aside. *Gavin, supra*, p 443. The character or seriousness of an error of law that will require a court of law to vacate an arbitration award must be so material or so substantial as to have governed the award, and the error must be one but for which the award would have been substantially otherwise. *Id.*

Plaintiff's claim against defendant is a product liability claim premised on a failure to warn theory. The arbitration agreement specifically states:

> The arbitrators are empowered to hear and determine the issues of tort liability and allowable damages under the Michigan Wrongful Death Statute, and the arbitration shall proceed in conformance with the Michigan Rules of Evidence, unless expressly modified by the parties.

We must examine whether the arbitrators have rendered an award that comports with the terms of the arbitration agreement, because arbitrators exceed their powers whenever they act beyond the material

terms of the contract from which they draw their authority. *Gordon Sel-Way, supra,* p 496. Our Supreme Court has cautioned that

> an allegation that the arbitrators have exceeded their powers must be carefully evaluated in order to assure that this claim is not used as a ruse to induce the court to review the merits of the arbitrators' decision. Stated otherwise, courts may not substitute their judgment for that of the arbitrators and hence are reluctant to vacate or modify an award when the arbitration agreement does not expressly limit the arbitrators' power in some way. [*Id.,* p 497.]

Therefore, a general principle of arbitration precludes courts from upsetting an award for reasons that concern the merits of the claim. *Id.,* p 500.

We conclude that the circuit court did not err in denying defendant's motion to vacate the arbitration award. The arbitrators did not act beyond the material terms of the arbitration agreement, because the arbitration agreement specifically empowered the arbitrators to determine the issues of tort liability and allowable damages under the wrongful death statute. We will not, and indeed cannot, simply substitute our findings (assuming they might be different) for that of the arbitrators. No error is evident from the face of the arbitration award. The arbitration award merely states that the arbitrators found in plaintiff's favor in the amount of $240,000. There is no separate record indicating the arbitrators' findings of fact and law. Because the arbitrators were specifically empowered to determine the issue of tort liability in this case, and they clearly did so, we find no error on the face of the arbitration award.

Defendant merely attempts to have us review the merits of the arbitrators' decision. This we cannot do.

*Gordon Sel-Way, supra,* p 497. The arbitrators did not exceed their power, as set forth in the arbitration agreement, and the circuit court therefore did not err in denying defendant's motion to vacate the arbitration decision.

DOCKET NO. 176203

After the claim of appeal was filed in this case, plaintiff filed a motion to remand to amend the judgment. This Court granted the motion in an order dated April 29, 1994. On remand, the circuit court amended the judgment to include taxable costs to plaintiff in the amount of $12,803.05. Defendant argues that the circuit court erred in modifying the arbitration award to include taxable costs.

The arbitration agreement in this case provides that "the arbitration award, if any, shall be deemed to include all interest, costs, attorney fees and sanctions." The arbitration agreement also provides that "[e]ach party shall pay for the cost of its arbitrator and the cost of the neutral arbitrator shall be shared equally by the parties." MCR 3.602(M) provides:

> The costs of the proceedings may be taxed as in civil actions, and, if provision for the fees and expenses of the arbitrator has not been made in the award, the court may allow compensation for the arbitrator's services as it deems just. The arbitrator's compensation is a taxable cost in the action.

The terms of the arbitration agreement dictate that the arbitration award of $240,000 is deemed to include all interest, costs, attorney fees, and sanctions. Therefore, we must conclude that the circuit court erred in modifying the arbitration award to include taxable costs. The unambiguous terms of the

arbitration agreement state that costs are deemed to be a part of the arbitration award.

*Martin v Auto Club Ins Ass'n*, 204 Mich App 138; 514 NW2d 197 (1994), is not dispositive of this issue. In *Martin*, the insurance policy likewise provided that the insured was to pay the insured's arbitrator, that the insurance company would pay for its arbitrator, and that the expenses of the third arbitrator would be shared equally. After the arbitrators awarded the plaintiff $20,000 under the insurance policy, the plaintiff moved to confirm the arbitration award because the defendant failed to make payment on it. In *Martin*, provision for the arbitrators' fees and expenses had not been made in the arbitration award. Accordingly, this Court held that the plaintiff was entitled to arbitration fees under MCR 3.602(M) because the court rule specifically provides that if provision for the compensation of the arbitrators has not been made in the arbitration award, then the court may allow compensation for the arbitrators' services. *Martin, supra*, pp 140-141.

In the present case, the arbitration agreement clearly provides that the arbitration award was deemed to include all interest, costs, attorney fees, and sanctions. Therefore, provision for all costs has been made in the arbitration award, and plaintiff is not entitled to the additional costs as awarded by the circuit court under MCR 3.602(M). We must assume that the arbitration award includes interest, costs, attorney fees, and sanctions because it is the arbitration agreement that confers upon the arbitrators their authority to act, and they are bound to act within the terms of the arbitration agreement. *Gordon Sel-Way, supra*, p 496. Therefore, the circuit court erred in

modifying the arbitration award to include costs under MCR 3.602(M) because the arbitration award includes those costs as stated in the arbitration agreement.

Accordingly, we reverse the circuit court's decision to modify the arbitration award to include taxable costs in the amount of $12,803.05 because the arbitration award, by the terms of the arbitration agreement, included costs.

The circuit court's order entering judgment in plaintiff's favor in the amount of the arbitration award is affirmed, and the circuit court's order modifying the arbitration award to include taxable costs is reversed.