# STATE OF MICHIGAN

# COURT OF APPEALS

TODD SANTOMAURO,

Plaintiff/Counter-Defendant-
Appellant,

v

PULTEGROUP, INC., BRANDON JONES,
CHRIS LEIMBACH, and HEATHER SHAFFER,

Defendants/Counter-Plaintiffs-
Appellees.

UNPUBLISHED
December 20, 2016

No.  328404
Oakland Circuit Court
LC No.  2014-143464-CD

Before:  K. F. KELLY, P.J., and GLEICHER and SHAPIRO, JJ.

PER CURIAM.

When plaintiff Todd Santomauro accepted a job with defendant Pulte Group, Inc., he agreed to arbitrate any claims arising from his employment.  Pulte discharged him sixteen years later.  Santomauro initiated an arbitration action alleging a variety of claims including breach of contract, discrimination and retaliation in violation of the Civil Rights Act, MCL 37.2101 *et seq*., and fraud and misrepresentation.  Paul Glendon, the arbitrator selected by the parties, found that Santomauro had deliberately spoiled evidence by removing the hard drive of his Pulte-owned laptop computer before returning it to the company, and dismissed the action.  Santomauro challenges this sanction on several grounds, none of which have merit.  We affirm.

I

The facts underlying Santomauro's arbitration action are not relevant to the dispute before us, so we will not discuss them.  Shortly after Santomauro's termination, Pulte's counsel requested that Santomauro return his laptop computer to the attorney's office.  Santomauro complied by handing a laptop bag containing the laptop to a legal assistant at Foley & Lardner, L.L.P.  Santomauro testified that the laptop was fully functional when he returned it.  The legal assistant averred that she observed the laptop in the bag, but did not examine it any further.  She placed the laptop bag in a room within the law firm containing other case documents.  Approximately one month later, a forensic examiner attempted to inspect the laptop's contents.  He determined that the hard drive and four screws that held it in place had been removed.

Thirteen days prior to the scheduled arbitration, Pulte filed a motion seeking discovery sanctions based on Santomauro's alleged removal of the hard drive and his deletion of emails from his account before he returned the laptop. The hearing on this motion was not transcribed. In a lengthy written opinion, Glendon found that Santomauro had removed the hard drive "and did so willfully, for the purpose of preventing Defendants from discovering evidence detrimental to his complaints and/or deletion of such evidence[.]" Glendon deemed untrue Santomauro's denial that he removed the hard drive, and concluded, "I find that Plaintiff intentionally destroyed evidence, for which he must be sanctioned."

Glendon considered adopting an adverse inference sanction that the missing evidence on the hard drive would have proven detrimental to Santomauro's case. Glendon rejected that option, reasoning that Santomauro's "lack of credibility about destruction of evidence undercuts his credibility about everything else and thus adversely affects his entire portfolio of complaints." Given this finding, Glendon determined that "a full hearing on the merits of [Santomauro's] complaints essentially *would* be a charade, needlessly subjecting Defendants to further prejudice in having to expend significant resources defending as best they can against baseless claims." (Emphasis in original.) Glendon summarized:

> Suffice it to say that all identified alternative sanctions have been carefully considered in this case and the arbitrator is convinced that the willfulness and severity of Plaintiff's misconduct in destroying evidence, the significance of prejudice it caused to the Defendants, and the interests of fairness, justice, orderliness and efficiency in the administration of this alternative dispute resolution process warrant a sanction of most proportionate severity: dismissal of all of Plaintiff's claims, which is so ordered.

Santomauro filed a complaint in the circuit court seeking to vacate the arbitration ruling. Pulte filed a counterclaim requesting that the circuit court confirm the arbitration award. The circuit court ruled that the parties' arbitration agreement envisioned that the arbitrator could exercise the same powers as a judge, and found no legal basis for disturbing the arbitrator's decision. Santomauro now appeals.

II

Santomauro contends that the arbitrator "refused to consider evidence material to" his causes of action and he was denied both due process of law and the opportunity to advance his civil rights, MCL 691.1703(1)(c). Interwoven in this argument are claims that the arbitrator exceeded his powers and displayed evident partiality. Like the circuit court, we discern no legal basis for disturbing the arbitrator's sanction ruling.

We review de novo a circuit court's decision to enforce or vacate an arbitration award. *City of Ann Arbor v American Federation of State, Co & Muni Employees (AFSCME) Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009). An arbitrator derives his or her authority from the parties' contract and arbitration agreement and remains bound to act within the terms of the agreement. *Dohanyos v Detrex Corp (After Remand)*, 217 Mich App 171, 176; 550 NW2d 608 (1996). "Judicial review of arbitration awards is limited." *Konal v Forlini*, 235 Mich App 69, 74; 596 NW2d 630 (1999). "[A] reviewing court's ability to review an award is restricted to

cases in which an error of law appears from the face of the award, or the terms of the contract of submission, or such documentation as the parties agree will constitute the record." *Detroit Automobile Inter-Ins Exch v Gavin*, 416 Mich 407, 428-429; 331 NW2d 418 (1982) (*DAIIE*). "A court may not review an arbitrator's factual findings or decision on the merits[,]" may not second guess the arbitrator's interpretation of the parties' contract, and may not "substitute its judgment for that of the arbitrator." *AFSCME Local 369*, 284 Mich App at 144. "The inquiry for the reviewing court is merely whether the award was beyond the contractual authority of the arbitrator." *Id*. If the arbitrator did not disregard the scope of his authority as expressly set forth in the parties' agreement, then judicial review ceases. *Id*. "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court may not overturn the decision even if convinced that the arbitrator committed a serious error." *Id*. (quotation marks and citations omitted).

> Where it clearly appears on the face of the award or in the reasons for the decision, being substantially a part of the award, that the arbitrators through an error of law have been led to a wrong conclusion, and that, but for such error a substantially different award must have been made, the award and decision will be set aside. The character or seriousness of an error of law that will require a court of law to vacate an arbitration award must be so material or so substantial as to have governed the award, and the error must be one but for which the award would have been substantially otherwise. [*Dohanyos*, 217 Mich App at 176 (citations omitted).]

To the extent that Santomauro raises constitutional concerns, our review is de novo. *O'Connell v Director of Elections*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 334365, issued August 25, 2016); slip op at 4.

"[I]n discharging their duty, arbitrators can fairly be said to exceed their power whenever they act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law." *DAIIE*, 416 Mich at 434. To determine whether an arbitrator has exceeded his powers, we look to the parties' contract. *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 496; 475 NW2d 704 (1991).

The Pulte ADR policy provides as follows concerning discovery procedures and remedies:

> After selection of the arbitrator, the parties shall have the right to take depositions and to obtain discovery regarding the subject matter of the action and to use and exercise all of the same rights, remedies, and procedures, and be subject to all of the same duties, liabilities, and objections as provided in the state code of civil procedure. The arbitrator shall have the authority to rule on motions (including the power to issue orders and determine appropriate remedies) regarding discovery, for summary judgment, and to issue any protective orders necessary to protect the privacy and/or rights of parties and/or witnesses. . . .

\* \* \*

-3-

The arbitrator shall have the same authority to award remedies and damages on the merits of the dispute as provided to a judge and/or jury under parallel circumstances. However, the arbitrator shall only be permitted to award those remedies in law or equity which are requested by the parties and which are supported by the credible, relevant evidence. The arbitrator shall issue a written opinion and award which includes the factual and legal basis of the opinion and award. [Emphasis added.]

This grant of authority regarding "remedies" echoes a circuit judge's power to sanction a litigant's misconduct. And that power includes imposing the ultimate sanction—dismissal—when a party willfully destroys evidence.

In *Brenner v Kolk*, 226 Mich App 149, 156; 573 NW2d 65 (1997), this Court addressed "the proper analysis for a trial court to apply when, although no discovery order has been violated, a party has failed to preserve vital evidence." We explained that "[i]n cases involving the loss or destruction of evidence, a court must be able to make such rulings as necessary to promote fairness and justice." *Id*. at 160. Denying courts the power to sanction for such conduct "would only encourage unscrupulous parties to destroy damaging evidence before a court order has been issued," we observed. *Id*. Those conclusions foreshadowed our holding that "the trial court has the authority, derived from its inherent powers, to sanction a party for failing to preserve evidence that it knows or should know is relevant before litigation has commenced." *Id*. "Dismissal is a drastic step that should be taken cautiously," and a trial court should "carefully evaluate all available options on the record" before imposing it. *Id*. at 163. Glendon followed that procedure here. He concluded that the only realistic alternative remedy—a presumption against Santomauro—would waste everyone's time, as Santomauro's dishonesty regarding the hard drive had thoroughly and irrevocably contaminated Glendon's view of the evidence. The sanction he selected fell within the authority granted by the arbitration agreement, and so we may not disturb it.

Our conclusions regarding Glendon's authority to levy a dismissal sanction augur our resolution of Santomauro's remaining claims. The record reflects that Santomauro was placed on notice that a discovery sanction was sought, and was afforded ample opportunity to submit evidence on his own behalf. No due process violation occurred. Nor has Santomauro brought forward evidence of Glendon's partiality. Santomauro insists that Glendon's refusal to hear Sanotmauro's motion for sanctions demonstrates Glendon's bias. We are unable to draw any inference of bias from this fact, as Glendon likely concluded that any discovery violations committed by Pulte were irrelevant, given that Santomauro's conduct warranted dismissal.

Finally, we reject Santomauro's argument that the "after-acquired evidence rule" should apply in this case. That doctrine applies when an employer would have terminated an employee for reasons discovered later, in addition to those actually cited for the termination. See *Landin v Healthsource Saginaw, Inc*, 305 Mich App 519, 540; 854 NW2d 152 (2014). Here, the removal of the hard drive apparently occurred after Santomauro had been terminated from his Pulte

-4-

employment. The after-acquired evidence rule contemplates the existence of employment-related misconduct or malfeasance. It has no role to play in this case.

We affirm.

/s/ Kirsten Frank Kelly
/s/ Elizabeth L. Gleicher
/s/ Douglas B. Shapiro