# STATE OF MICHIGAN

# COURT OF APPEALS

TRAVIS SCHULTZ,

      Plaintiff-Appellant,

UNPUBLISHED
September 20, 2018

v

No. 338196
Wayne Circuit Court
LC No. 16-007386-CD

DTE ENERGY CORPORATE SERVICES LLC,

      Defendant-Appellee.

Before: O'CONNELL, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals as of right a circuit court order confirming an arbitration award in favor of defendant, DTE Energy Corporate Services, LLC, in this action for race and age discrimination.[1] We affirm.

Plaintiff was employed by defendant as an assistant crew leader charged with supervising a "move out crew," which consisted of several crew members, a crew leader, and an assistant. These crews performed work on residences, including installing new gas meters on the outside of homes, installing plastic gas service lines from the meter to the main gas line at the street, adjusting fuel lines in customer's homes to match the new meters, and relighting pilot lights of gas appliances. Defendant terminated plaintiff's employment in June 2013 for failing to properly supervise his crew members and for filling out "blue order" forms that did not accurately list the work performed at each job site, including listing work that was never actually completed. Plaintiff filed this action for wrongful termination, alleging claims of race and age discrimination under the Michigan Civil Rights Act (CRA), MCL 37.2101 *et seq*. The parties agreed to submit the claims to arbitration. After the parties presented their evidence, the arbitrator found that defendant terminated plaintiff's employment for legitimate business reasons, which were not a pretext for discrimination. Plaintiff filed a complaint in circuit court to vacate the arbitration award, and defendant filed a motion to confirm the award. The circuit court confirmed the arbitrator's award and dismissed plaintiff's complaint.

---

[1] The arbitrator found that plaintiff did not present any evidence of age discrimination. Plaintiff does not challenge that decision. Thus, only the claim for race discrimination is at issue in this appeal.

Plaintiff argues on appeal that the circuit court should have vacated the arbitrator's decision because the arbitrator exceeded his powers by failing to follow the arbitration agreement. We disagree.

A court's power to modify, correct, or vacate an arbitration award is limited. An arbitration award may be vacated if it was procured by corruption, fraud or undue means, was the result of partiality or misconduct, or if the arbitrator exceeded his or her powers, or conducted the hearing in violation of the requirements of the court rule. MCR 3.602(J)(2). When a party claims that an arbitrator exceeded the scope of his authority or committed a material error of law, "a reviewing court's ability to review an award is restricted to cases in which an error of law appears from the face of the award, or the terms of the contract of submission, or such documentation as the parties agree will constitute the record." *Dohanyos v Detrex Corp (After Remand)*, 217 Mich App 171, 175-176; 550 NW2d 608 (1996). Arbitrators exceed their powers whenever they act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law. *Id*. at 176, citing *DAIIE v Gavin*, 416 Mich 407, 444; 331 NW2d 418 (1982). In other words, "[t]he phrase 'exceed his powers' is essentially longstanding shorthand for deviating from the contract or controlling law." *Eppel v Eppel*, 322 Mich App 562, 572; 912 NW2d 584 (2018). Moreover, "[t]he character or seriousness of an error of law which will invite judicial action to vacate an arbitration award . . . must be error so material or so substantial as to have governed the award, and but for which the award would have been substantially otherwise." *DAIIE*, 416 Mich at 443. "Any such error must be readily apparent on the face of the award without second-guessing the arbitrator's thought processes, and the arbitrator's findings of fact are immune from review altogether." *Eppel*, 322 Mich App at 572; see also *DAIIE*, 416 Mich at 429.

The record fails to support plaintiff's argument that the arbitrator's decision did not comply with the parties' agreement. In Michigan, arbitration awards "must be in writing and contain findings of fact and conclusions of law." *Rembert v Ryan's Family Steak Houses, Inc*, 235 Mich App 118, 165; 596 NW2d 208 (1999). As the parties agree, the parties' arbitration agreement required that the arbitrator's decision be in writing and include the findings and conclusions on which the decision was based. In general, however, there are no specific requirements regarding the scope of formal findings of fact or conclusions of law. See *DAIIE*, 416 Mich at 429. Nor does the agreement itself specify the form of the arbitrator's findings or conclusions. Contrary to plaintiff's argument, the parties' agreement does not provide that the arbitrator was required to refer specifically to "black letter" law in reaching his decision.

The arbitrator issued a nine-page written opinion that sets forth his findings of fact and conclusions of law. The arbitrator's opinion indicates that plaintiff's race discrimination claim was brought under the Michigan Civil Rights Act, and that plaintiff had the burden of proving both that race was a reason for his termination, and that the legitimate business reasons for his termination offered by defendant were a pretext for discrimination. The arbitrator also set out the elements of a prima facie claim for discrimination when reviewing a claim based on circumstantial evidence of race discrimination. The arbitrator thereafter summarized the evidence presented by the parties and applied the relevant law to determine that plaintiff did not show that he was treated differently than other similarly-situated Caucasian employees, that defendant had provided valid non-discriminatory business reasons for plaintiff's termination, and that defendant's stated reasons were not a pretext for discrimination. The arbitrator also rejected

plaintiff's claim that the evidence showed a pattern of race discrimination. The arbitrator's opinion satisfies the requirement that he issue a written decision setting forth his findings and conclusions on which the decision is based.

Plaintiff next raises a number of related claims concerning whether the arbitrator exceeded his authority by making material errors of law and ignoring controlling principles of law. We find no merit to these arguments.

Plaintiff alleged that he was terminated because of his race. A plaintiff may prove unlawful discrimination by direct or indirect evidence. *Hazle v Ford Motor Co*, 464 Mich 456, 462; 628 NW2d 515 (2001). Direct evidence is "evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Id*. (quotation marks and citation omitted). Examples of direct evidence sufficient to advance a plaintiff's case to a jury are racial slurs by a decision-maker. *Harrison v Olde Fin Corp*, 225 Mich App 601, 610; 572 NW2d 679 (1997). Where a plaintiff cannot show direct evidence of discrimination, the plaintiff must establish a prima facie case under the burden-shifting analysis adopted from *McDonnell Douglas Corp v Green*, 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973). See *Harrison*, 225 Mich App at 607-608.

> Under the *McDonnell Douglas* approach that Michigan has adopted in various forms, the court must first determine if the plaintiff has stated a prima facie case of discrimination. "Prima facie case" in the *McDonnell Douglas* context means only that the plaintiff has provided enough evidence to create a rebuttable presumption of discrimination. It does not mean that the plaintiff has provided sufficient evidence to allow the case to go to a jury. If the court concludes that the plaintiff has established a prima facie case of discrimination, the court then examines whether the defendant has articulated a legitimate, nondiscriminatory reason for its action. If that articulation is made, the court next considers whether the plaintiff has proved by a preponderance of the evidence that the reason offered by the defendant was a mere pretext for discrimination. [*Id*. at 607-608 (citations and footnotes omitted).]

To establish a prima facie case of intentional discrimination, a plaintiff must show that he was (1) a member of a protected category, (2) subjected to an adverse employment action, (3) qualified for the position, and (4) in this case, that he was discharged under circumstances that give rise to an inference of unlawful discrimination. *Hazel*, 464 Mich at 463; *Lytle v Malady (On Rehearing)*, 458 Mich 153, 177 n 26; 579 NW2d 906 (1998). The latter factor may be shown in a number of ways. *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586, 608; 886 NW2d 135 (2016). One of these is to demonstrate that the plaintiff was replaced by a person of another race. See *id*. at 609. Another is to show that the plaintiff was treated unequally to a similarly-situated employee who did not have the protected characteristic. *Id*. at 608. With respect to the latter, "the 'comparable' employee[] must be 'nearly identical' to the plaintiff in all relevant respects." *Id*.

In this case, plaintiff did not point to any evidence of direct discrimination, such as a racial slur by one of the decision-makers in his termination that would, if believed, require the conclusion that unlawful discrimination was at least a motivating factor in defendant's decision

to discharge plaintiff. Therefore, the arbitrator should have, and did, review plaintiff's claim under the *McDonnell Douglas* framework. The arbitrator discussed plaintiff's ability to support his prima facie case, whether defendant provided a legitimate business reason to fire plaintiff, and whether plaintiff could demonstrate that defendant's proffered reason was a pretext for discrimination.

Plaintiff argues that the arbitrator erred by impermissibly "mechanically applying the shifting burden analysis" and did not tailor his analysis to the facts of the case. However, because application of the burden-shifting framework is appropriate in cases of indirect discrimination, plaintiff has not shown that the arbitrator made a material error of law in applying it here. Moreover, it is evident from our review of the arbitrator's opinion that, despite the initial citation to the more general "treated differently than similarly situated employees" form of establishing a prima facie case of discrimination, the arbitrator tailored his analysis to the specific facts of the case and to the arguments raised by plaintiff concerning whether there was actually a requirement to personally verify crewmembers' work before submitting the blue order forms and whether plaintiff was treated differently from other crew leaders outside of plaintiff's protected class who also did not personally check crewmembers' work.

Plaintiff also maintains that the arbitrator failed to address whether defendant's proffered reason for termination, i.e., that plaintiff violated employer policy concerning inspecting and verifying the work undertaken by various crewmembers, was a pretext for discrimination. He further argues that the arbitrator failed to properly apply the law of pretext and did not perform a legal analysis of the "selective enforcement" of defendant's employment policy. Contrary to plaintiff's assertion, much of the arbitrator's decision was dedicated both to whether defendant had presented a legitimate business reason for firing plaintiff and whether this reason was a pretext for discrimination. This, in turn, included a discussion of whether plaintiff had shown selective enforcement. This claim of error is without merit.

Plaintiff also maintains that the arbitrator "impermissibly restricted plaintiff . . . to only two avenues to prove his race discrimination case using circumstantial evidence as opposed to direct evidence," but does not explain this assertion. A party may not merely announce a position and leave it to this Court to rationalize the party's arguments. *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003). We note that the arbitrator focused on the two theories that were specifically presented in plaintiff's post-hearing brief. He cannot now claim that the arbitrator erred by analyzing these theories in his opinion. See *Grant v AAA Mich/Wisconsin, Inc (On Remand)*, 272 Mich App 142, 148; 724 NW2d 498 (2006) ("A party who expressly agrees with an issue in the trial court cannot then take a contrary position on appeal."). This argument is without merit.

Plaintiff also complains that the arbitrator did not analyze the testimony that he presented concerning race discrimination that he allegedly experienced when he transferred to defendant's Coolidge location in 2012. However, plaintiff does not link this conduct to his termination, and he does not present any legal authority outlining his position of what appears to be a claim of pervasive discrimination at the workplace. Plaintiff has thus failed to meet the requirement that he provide supporting authority for his position. See *Peterson Novelties, Inc*, 259 Mich App at 14.

In summary, the record does not support plaintiff's claim that the arbitrator exceeded his powers by deviating from controlling law or by making a material error of law evident from the face of the award.

Plaintiff also argues that the circuit court should have vacated the award because, had the arbitrator properly applied controlling principles of employment discrimination law, he would have determined that plaintiff had shown that he was subject to an adverse employment action due to race discrimination. We reject this claim of error.

The questions presented in arbitration involved whether plaintiff was treated differently than Caucasian crew leaders, and whether the reason for plaintiff's firing was a pretext for discrimination. Those questions were dependent on factual determinations concerning whether defendant had an expectation that an assistant crew leader would inspect the work of his crew, and whether plaintiff was responsible for ensuring that the information set out on the blue order forms was correct. They also required consideration of whether plaintiff's blue order forms were "alarmingly inaccurate" and caused defendant to suffer significant and unusual losses, such that plaintiff was not similarly situated to Caucasian crewmembers. Whether other named employees had anything to do with plaintiff's termination decision was also a factual question in the case. After considering the parties' competing evidence, the arbitrator ultimately determined that a preponderance of the evidence showed that plaintiff's employment with defendant was terminated for poor work performance and conduct in improperly completing blue order forms. The arbitrator found that the evidence did "not allow for a finding that race was a factor in the decision to terminate [plaintiff's] employment." Plaintiff's argument within this issue is based on his application of the law to the facts as he sees them. He is essentially asking this Court to accept his view of the facts in place of those of the arbitrator. "[T]he arbitrator's findings of fact are immune from review altogether." *Eppel*, 322 Mich App at 572; see also *DAIIE*, 416 Mich at 429. Given the arbitrator's factual findings, the circuit court correctly found that plaintiff could not support his claim of discrimination and that the award was proper.

Affirmed.

/s/ Peter D. O'Connell
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto

-5-