*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NORMAN DAVIDSON,

        Plaintiff-Appellant,

v

WENDY DAVIDSON,

        Defendant-Appellee.

UNPUBLISHED
January 28, 2021

No. 348788
Wayne Circuit Court
LC No. 18-112906-DO

---

NORMAN DAVIDSON,

        Plaintiff/Counterdefendant-Appellant,

v

WENDY DAVIDSON,

        Defendant/Counterplaintiff-Appellee.

No. 348808
Wayne Circuit Court
LC No. 16-112015-DO

---

Before: JANSEN, P.J., and SERVITTO and RIORDAN, JJ.

PER CURIAM.

In these consolidated appeals regarding actions for divorce,[1] plaintiff appeals as of right the trial court's March 6, 2019 judgment of divorce. The judgment of divorce, among other things, incorporated the awards pertaining to spousal support, property division, and costs and fees that had been determined through arbitration. On appeal, plaintiff challenges the validity of the arbitration award. We affirm.

---

[1] *Davidson v Davidson*, unpublished order of the Court of Appeals, entered May 16, 2019 (Docket Nos. 348788 & 348808).

## I. ARBITRATION VOID DUE TO NO ACTIVE COURT CASE

Plaintiff first argues that the arbitration award is void because there was no active case at the circuit court at the time of the arbitration proceedings. We disagree. This issue is unpreserved because plaintiff first raised it in a motion for reconsideration. *George v Allstate Ins Co*, 329 Mich App 448, 454; 942 NW2d 628 (2019). We review unpreserved issues for plain error affecting substantial rights. *In re Contempt of Henry*, 282 Mich App 656, 666; 765 NW2d 44 (2009).

Relevant to this issue, plaintiff filed his complaint in the 2016 case on September 30, 2016. On August 15, 2017, while the case was still active, the parties stipulated to the entry of an order that submitted the matter to arbitration. The parties also executed an arbitration agreement that same day. In both the order and the arbitration agreement, the parties acknowledged that the arbitrator was to render rulings related to spousal support, property division, and costs and fees.

Thereafter, on October 3, 2017, the parties stipulated to the dismissal of the case in circuit court. The order stated that the parties agreed to "stipulate to the dismissal of the above cause for divorce for the reason that they have entered into an Order for Binding Arbitration." Consistent with the parties' declared intentions, arbitration hearings were conducted, which resulted in an arbitration award.

Plaintiff now contends that the award is void because there was no active case pending at the circuit court at the time of the arbitration hearings. Plaintiff has cited no authority that supports this proposition. MCL 600.5071 of the domestic relations arbitration act (DRAA), MCL 600.5070 *et seq.*, states, in pertinent part:

> Parties to an action for divorce, annulment, separate maintenance, or child support, custody, or parenting time, or to a postjudgment proceeding related to such an action, may stipulate to binding arbitration by a signed agreement that specifically provides for an award . . . .

This section merely provides that "[p]arties to an action for divorce . . . may stipulate to binding arbitration." At the time plaintiff and defendant stipulated to binding arbitration, there was an active circuit court case, which made plaintiff and defendant "parties." Therefore, the requirements of MCL 600.5071 were met. The fact that the case was later dismissed, before the arbitration proceedings commenced, simply is of no moment. Indeed, the parties had explicitly agreed that "either party may file a motion to reinstate this case if it is dismissed . . . prior to receipt of the arbitration award or prior to entry of the Judgment of Divorce."

Plaintiff suggests that the DRAA "is premised on an open[,] existing court action while arbitration is pending." In other words, plaintiff invites this Court to read a requirement into the DRAA that is not explicitly stated. We reject the invitation.

In support, plaintiff relies on MCL 600.5075(2), which requires court involvement within 21 days after a party requests disqualification of an arbitrator during the arbitration process. The fact that a court must hear such a motion with 21 days does not mean that the case must have been "active" during the arbitration proceedings. There is nothing preventing a party in that situation from filing a motion with the trial court to reinstate the case and to disqualify the arbitrator.

Likewise, the fact that an arbitrator may issue serial or separate awards does not mean that the case could not be reinstated from its previously dismissed status.

In sum, the crux of plaintiff's argument is that the arbitration was void for lack of authority. But an arbitrator derives her authority from the parties' arbitration agreement. *Dohanyos v Detrex Corp (After Remand)*, 217 Mich App 171, 176; 550 NW2d 608 (1996). The parties' arbitration agreement, which was entered into while there was an active case, was not affected by the dismissal of the divorce action. Therefore, plaintiff has failed to show how the arbitration was void or without authority.

## II. ARBITRATOR ACTED CONTRARY TO CONTROLLING LAW

### A. MCL 600.5078—60-DAY REQUIREMENT

Plaintiff argues that the arbitration award is void because the arbitrator failed to issue the award with the required 60-day timeframe. We disagree. We review a trial court's decision on a motion to enforce, vacate, or modify an arbitration award de novo. *Bayati v Bayati*, 264 Mich App 595, 597-598; 691 NW2d 812 (2004).

MCL 600.5078(1) states:

> Unless otherwise agreed by the parties and arbitrator in writing or on the record, the arbitrator shall issue the written award on each issue within 60 days after either the end of the hearing *or, if requested by the arbitrator, after receipt of proposed findings of fact and conclusions of law*. [Emphasis added.]

Plaintiff asserts that the arbitrator's August 22, 2018 award was untimely because it was issued more than 60 days after the final arbitration hearing, which was held on April 16, 2018. While more than 60 days clearly transpired between the last hearing and the issuance of the arbitration award, plaintiff ignores the last part of the statute, which provides that the 60-day window does not start to run until the arbitrator's "receipt of proposed findings of fact and conclusions of law." The trial court, in ruling on this issue, specifically noted that plaintiff filed a "Rebuttal to Defendant's Closing Statement at some point after May 30, 2018." Without knowing this specific date, the trial court opined that it was unclear when the 60-day period began and therefore impossible to make a determination. On appeal, plaintiff does not address this aspect of the trial court's ruling. Because closing statements are analogous to proposed findings of fact and conclusions of law, we agree that it is impossible to determine with any certainty if the arbitration award was timely. Accordingly, plaintiff has not shown how there was any error. See *Beason v Beason*, 435 Mich 791, 804; 460 NW2d 207 (1990) ("[T]he burden is on the appellant to persuade the reviewing court that a mistake has been committed . . . ."). Additionally, plaintiff's failure to address the basis for the trial court's decision constitutes an abandonment of the issue. See *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004) ("When an appellant fails to dispute the basis of the trial court's ruling, this Court . . . need not even consider granting plaintiffs the relief they seek.") (quotation marks, citation, and brackets omitted).

Regardless, even if we were to assume that the arbitration award was untimely under MCL 600.5078(1), plaintiff would not be entitled to any relief. Importantly, nowhere in the statute does

it specify that an award is void if the timing requirements are not satisfied. In *Washington v Washington*, 283 Mich App 667, 676 n 6; 770 NW2d 908 (2009), this Court stated:

> [The d]efendant also argues that the arbitrator violated MCL 600.5078(1) by not issuing his ruling within 60 days after the arbitration hearing. [The d]efendant has not, however, alleged on appeal what substantial difference would have resulted from a timely arbitration ruling. *Collins* [*v Blue Cross Blue Shield of Mich*, 228 Mich App 560, 567; 579 NW2d 435 (1998)]. Further, there is nothing in the record to indicate that the arbitrator's delay had any effect on the property division in the arbitration ruling. Thus, the trial court did not err by denying [the] defendant's motion on this ground.

*Washington* is directly on point. In *Washington*, the appellant, as plaintiff does on appeal in this case, asserted that the untimely arbitration award should be vacated. But as this Court recognized in *Washington*, even assuming there was an error of law, an appellant is not entitled to relief unless he or she can show that the error had a substantial effect. In *Washington*, this Court cited *Collins*, 228 Mich App at 567, which states: "A reviewing court may vacate an arbitration award where it finds an error of law that is apparent on its face *and so substantial that, but for the error, the award would have been substantially different*." (Emphasis added.) This principle that errors of law occurring during arbitration only require reversal if the error caused a substantial difference in the outcome is well established. See, e.g., *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 497; 475 NW2d 704 (1991); *DAIIE v Gavin*, 416 Mich 407, 443; 331 NW2d 418 (1982); *Howe v Patrons' Mut Fire Ins Co of Mich*, 216 Mich 560, 570; 185 NW 864 (1921).

In this instance, plaintiff has not offered anything to show how the arbitration award would have been any different if it had not been (assumedly) untimely. Plaintiff on appeal seems to suggest that this Court ignore the holding of *Washington*. But that is not permissible under the court rules. See MCR 7.215(J)(1). Moreover, *Washington* is based on law that can be traced to our Supreme Court, and we see no reason to call into doubt the correctness of the decision. Simply put, while MCL 600.5078(1) requires the arbitrator to issue an opinion with 60 days of the final hearing or after the receipt of any proposed findings of fact and conclusions of law, thereby rendering any untimely awards as an error of law, errors of law in arbitration matters must have been so substantial to have affected the outcome in order to warrant reversal. Assuming any error existed, plaintiff has failed to show how the error of law was "so substantial that, but for the error, the award would have been substantially different." *Collins*, 228 Mich App at 567. Contrary to plaintiff's position, there is no automatic reversal when an arbitrator makes an error of law.

## B. ARBITRATOR EXCEEDING HER AUTHORITY

Plaintiff next argues that the arbitrator exceeded her authority by acting contrary to law regarding the property division and spousal support determinations. We disagree.

MCL 600.5081 governs the vacation or modification of arbitration awards. The grounds for vacating such awards are very limited and are listed in MCL 600.5081(2):

> (a) The award was procured by corruption, fraud, or other undue means.

(b) There was evident partiality by an arbitrator appointed as a neutral, corruption of an arbitrator, or misconduct prejudicing a party's rights.

(c) The arbitrator exceeded his or her powers.

(d) The arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights.

For plaintiff's arguments on appeal, the only relevant provision is Subsection (c). "[A] party seeking to prove that a domestic relations arbitrator exceeded his or her authority must show that the arbitrator either (1) acted beyond the material terms of the arbitration agreement or (2) acted contrary to controlling law." *Washington*, 283 Mich App at 672. Plaintiff's arguments on appeal are confined to this second aspect—that the arbitrator acted contrary to controlling law. Notably, "any error of law must be discernable on the face of the award itself," which means that "only a legal error that is evident without scrutiny of intermediate mental indicia will suffice to overturn an arbitration award." *Id*. (quotation marks and citations omitted).

Plaintiff first asserts that the arbitrator acted contrary to controlling law by making inconsistent findings. But plaintiff does not explain which law was violated. Thus, plaintiff has not identified any legal error and instead merely is disputing factual findings, which this Court (or any court) is not permitted to disturb. See *id*. ("A reviewing court may not review the arbitrator's findings of fact[.]").

Plaintiff also argues that the arbitrator erred as a matter of law when she did not attribute any value to defendant's business, Carter Country Homes. This Court has stated that "[a]s a prelude to this property division, a trial court must first make specific findings regarding the value of the property being awarded in the judgment." *Olsen v Olsen*, 256 Mich App 619, 627; 671 NW2d 64 (2003). But this requirement only pertains to marital property, not separate property that is owned by one of the parties. See *Cunningham v Cunningham*, 289 Mich App 195, 200-201; 795 NW2d 826 (2010). It is not evident on the face of the award that the arbitrator considered defendant's business to be marital property. The arbitrator had found that defendant's mother started the business before plaintiff and defendant were married. It is not clear if defendant's mother later gifted the business to defendant, which would typically make it defendant's separate property. See *Dart v Dart*, 460 Mich 573, 585; 597 NW2d 82 (1999). Therefore, plaintiff has failed to show how, on the face of the award, failing to provide a value to this business constitutes an error of law.

Plaintiff next argues that the arbitrator erred when she modified the value of plaintiff's business without modifying how the property was divided. Plaintiff is not entitled to any relief. In her initial award, the arbitrator stated, "Plaintiff owns a 50% interest in Security Ace Hardware, in Taylor, MI. Plaintiff also owns 50% of J&D Eureka Enterprises, which owns the land and building out of which the hardware store operates." Plaintiff objected to that fact that the arbitrator had listed the equity at $160,000 for that business when he only owned 50% of it. In response, the arbitrator in a subsequent ruling merely "clarified that Plaintiff is a 50% owner of the businesses" and did not adjust any of the property division. This was not erroneous on the face of the award. Initially, it is beyond dispute that the arbitrator was fully aware that plaintiff only owned a 50%

interest in his businesses when she made the initial award. Therefore, her later "clarification" added nothing of substance, which would possibly explain why she did not alter the property division. Put differently, although the arbitrator had listed plaintiff's businesses with an equity value of $160,000, there is nothing on the face of the award to show that she did not divide the marital property knowing that plaintiff only owned 50% of that equity.

Plaintiff also argues that the arbitrator erroneously awarded a Harley Davidson motorcycle to defendant's son on the faulty premise that the motorcycle had always been in the defendant's son's name. Plaintiff claims that this is incorrect because both plaintiff and defendant had admitted to the arbitrator that the motorcycle had previously been in defendant's name. Plaintiff does not even attempt to couch this issue as a purported instance of the arbitrator making an error of law. This argument clearly is a challenge to the arbitrator's factual findings, and as such is not reviewable. See *Washington*, 283 Mich App at 672.

Regarding spousal support, plaintiff argues that the arbitrator acted outside the scope of her authority because she did not make any specific findings regarding the spousal support factors.[2] Although trial courts are to "make specific factual findings regarding the factors that are relevant to the particular case," *Korth v Korth*, 256 Mich App 286, 289; 662 NW2d 111 (2003), plaintiff has identified no such prevailing requirement for arbitrators in domestic relations cases. Indeed, this Court has stated that, with the exception of arbitration in a statutory civil rights case, "an arbitrator need not provide a record of findings and supporting law to issue a valid, enforceable award, and a reviewing court should not use the lack of a clear record as an impediment to its confirmation of an arbitration award." *Saveski v Tiseo Architects, Inc*, 261 Mich App 553, 556; 682 NW2d 542 (2004). This does not mean that an arbitrator can ignore any relevant factors in a domestic relations case; it just means that an arbitrator is not required to note its specific factual findings for each and every relevant factor. This is understandable because, unlike a trial court, an arbitrator's factual findings are not subject to appeal. See *Washington*, 283 Mich App at 672. Conversely, because a trial court's findings are reviewable, there must be something on the record to show what those findings were for the benefit of the reviewing court. See *MacIntyre v MacIntyre (On Remand)*, 267 Mich App 449, 452; 705 NW2d 144 (2005). Additionally, while the arbitration agreement authorized the arbitrator to address the issue of spousal support, nothing

---

[2] The arbitrator in her award recognized that she was to evaluate the various spousal-support factors and that they were similar to the factors in determining property division. We note that the factors to be considered when deciding on the issue of spousal support include the following:

> (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties, (9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, (11) contributions of the parties to the joint estate, (12) a party's fault in causing the divorce, (13) the effect of cohabitation on a party's financial status, and (14) general principles of equity. [*Olsen*, 256 Mich App at 631.]

in the agreement required the arbitrator to provide any such specific findings on the relevant factors. Accordingly, plaintiff has not shown from the face of the award how the arbitrator exceeded her authority or committed an error of law.

Affirmed.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael J. Riordan